COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

§

IN RE: DATAMARK, INC.,                    No. 08-07-00328-CV

§

AN ORIGINAL PROCEEDING

Relator.                          §

IN MANDAMUS

§

§

## O P I N I O N

This is a petition for a writ of mandamus arising from the trial court's denial of a motion to

compel arbitration under the Federal Arbitration Act. Finding no abuse of discretion, we deny relief.

### FACTUAL AND PROCEDURAL BACKGROUND

Joana Perez began working for Datamark in January 2005. She received two booklets at

orientation, a "Non-Staff Employee Handbook" and a "Summary Plan Description." She did not

read either one of them. According to the Human Resources Director, Perez also received a

"Problem Resolution Program" booklet (the PRP) that described company dispute resolution

policies and procedure. Perez denied receiving it, but she did sign the "Receipt and Arbitration

Acknowledgment" which was maintained in her personnel file. Her signature acknowledged that

she had received and read (or had the opportunity to read) both the "Summary Plan Description" and

the PRP. She also acknowledged that an arbitration policy required the submission of all employee-

related disputes to an arbitrator in accordance with the procedures described in the PRP. Datamark

reserved the right to revoke or modify the PRP in writing at any time as long as the writing was

signed by an officer of the company and articulated an intent to revoke or modify a policy. The

interpretation, enforcement, and proceedure under the PRP were governed by the Federal Arbitration Act.

Perez learned she was pregnant in August 2005. While employed full-time, she began to miss work due to pregnancy difficulties. She was discharged on October 21, 2005 and filed suit alleging unlawful discrimination because of her gender and/or pregnancy. Perez also alleged that Datamark intentionally or recklessly engaged in extreme and outrageous behavior which caused her severe emotional distress.

Datamark filed a motion to compel arbitration. In her response to the motion, Perez argued that the arbitration agreement was unenforceable because it was both procedurally and substantively unconscionable and that the agreement was illusory. Following a hearing, the trial court denied Datamark's motion to compel.

## ARBITRATION

In a single issue, Datamark contends that the trial court abused its discretion in denying the motion because the agreement is enforceable. It focuses its arguments exclusively on the trial court's oral statement that the agreement was unconscionable because Perez did not receive all of the paperwork she should have received. But the order at issue is a general one and does not state a specific basis for the ruling. In her response to the mandamus petition, Perez again alleges that the agreement is illusory because Datamark could unilaterally change or terminate the agreement without prior notice to the employees. Datamark has not addressed this argument in its petition.

### *Availability of Extraordinary Writ*

Mandamus relief is available if a trial court erroneously denies a motion to compel arbitration under the Federal Arbitration Act. *In re Dillard Dept. Stores, Inc.*, 186 S.W.3d 514 (Tex. 2006), *citing In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753 (Tex. 2001). A movant seeking to compel

arbitration by mandamus must prove the existence of an arbitration agreement subject to the FAA. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753 (Tex. 2001). If the agreement is established, the court must determine whether it covers the non-movant's claims. *Id.* We may not substitute our own judgment for that of the trial court with respect to matters within the trial court's discretion. *In re Border Steel, Inc.*, 229 S.W.3d 825, 829 (Tex.App.--El Paso 2007, no pet.). The relator must establish that the trial court could have reasonably reached only one decision. *Id.* Unless the trial court's decision is arbitrary and unreasonable, we will not disturb it. *Id.*

We must also bear in mind that when a trial court gives an incorrect legal reason for its decision, we will nevertheless uphold the order on any other grounds presented to the trial court and supported by the record. *See Luxenberg v. Marshall*, 835 S.W.2d 136, 141-42 (Tex.App.--Dallas 1992, orig. proceeding), *citing Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991); *Guaranty County Mut. Ins. Co. v. Reyna*, 709 S.W.2d 647, 648 (Tex. 1986). Such is the case here.

*Was the Agreement Illusory?*

An arbitration agreement is valid and the promise to arbitrate is not illusory if the promise cannot be avoided by amendment or termination. *In re Halliburton Co.*, 80 S.W.3d 566, 569 (Tex. 2002). There, Halliburton retained the right to modify or discontinue the company dispute resolution plan, but "no amendment shall apply to a [d]ispute of which [Halliburton] had actual notice on the date of amendment." *Id.* at 569-70. The plan also provided that "termination shall not be effective until 10 days after reasonable notice of termination is given to [e]mployees or as to [d]isputes which arose prior to the date of termination." *Id.* at 570. The Supreme Court held that Halliburton could not avoid its promise to arbitrate by amending the provision or terminating it because it required the company to give employees ten days' notice of any changes. *Id.*

Most courts considering the issue have concluded that if a party retains the unilateral and

unrestricted right to terminate an arbitration agreement, it is illusory. *See J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 230 n.2 (Tex. 2003). The contract language in *J.M Davidson* stated that "the Company reserves the right to unilaterally abolish or modify any personnel policy without prior notice." *Id*. at 229. The Texas Supreme Court reasoned that if this language permitted the employer to nullify the arbitration agreement, its employees would have received nothing of value in exchange for their unconditional promises to arbitrate disputes. *Id*. But it was not clear whether the arbitration agreement was a personnel policy. The court remanded the case and directed the trial court to determine whether the "personnel policy" language was intended to cover the arbitration agreement so that it could be amended unilaterally. *Id*. at 232. If so, then the agreement would be unenforceable, due to the absence of mutual consideration. *See id.*

In support of her argument that the PRP is illusory, Perez directs us to *In re C & H News Company*, 133 S.W.3d 642 (Tex.App.--Corpus Christi 2003, orig. proceeding). There, the arbitration agreement provided:

> I understand and acknowledge that as a condition of continued employment with ETD, the company and I have voluntarily promised and agreed to submit all claims or disputes between us to binding arbitration as provided in the Handbook.

The court of appeals found this language incorporated, by reference, portions of the employee handbook. The handbook contained a section entitled, "Mutual Arbitration Policy/Procedures" that outlined the procedures to be used in conducting arbitration, and listed those types of claims and disputes which were covered by--and excluded from--the agreement to arbitrate. The receipt, signed by the employee, acknowledged that the handbook consisted of general guidelines which may or may not be followed in specific cases. The introduction to the handbook explained that the content "may, and likely will, be changed, modified, deleted or amended from time to time as the [employer] deems appropriate, with or without prior notification to employees." *Id.* at 646. Because the employer had

reserved the right to unilaterally amend the arbitration policies and procedures, the court concluded that the contract was illusory and unenforceable. *Id.* at 647.

The PRP here defines those claims which are covered and those which are not. In a section entitled, "Requirements for Modification or Revocation," the contract provides:

> The Program will survive the termination of your employment. It can be revoked or modified by the Company at any time in writing signed by an officer of the Company that specifically states an intent to revoke or modify this Policy. Any such revocation or modification shall be effective with respect to all requests for arbitration made or lawsuits filed after the actual date of such revocation or modification.

This language gives the company unilateral control to modify or revoke the policy. Datamark is able to alter it at any time as long as the request is in writing, signed by a company officer, and the intent to make changes is specifically stated. It does not require that the employees be notified of the changes and it certainly does not give them prior notice of the employer's intent to change the agreement. In contrast, Halliburton's dispute resolution program could be terminated ten days after employees were given reasonable notice, and any modification did not apply to disputes of which Halliburton had actual notice on the date of the amendment. *In re Halliburton Co.*, 80 S.W.3d at 569-70. These provisions gave Halliburton employees ample time to file any requests for arbitration and ensured that the company could not avoid the promise to arbitrate.

Datamark argued at oral argument and in post-submission briefing that the PRP is not illusory because the company is still bound to arbitrate claims filed before any changes are made. We must disagree. Datamark has unilateral control over the agreement and can avoid arbitrating a dispute if it amends the dispute resolution program before the employee formally requests arbitration. Because Datamark has the ability to modify or terminate the contract at any time without giving prior notice to its employees, the promise to arbitrate is illusory and the arbitration agreement is unenforceable. *See In re C & H News Company*, 133 S.W.3d at 647. Finding no abuse of

discretion in the denial of the motion to compel, we deny relief.


February 5, 2009

ANN CRAWFORD McCLURE, Justice

Before McClure, J., Barajas, C.J. (Ret.), and Gomez, J.
Barajas, C.J. (Ret.), sitting by assignment
Gomez, J., sitting by assignment