COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
|  | § |  |
|  | § | No. 08-09-00064-CV |
| IN RE: LUCCHESE, INC., | § | An Original Proceeding |
|  | § | in Mandamus |
|  | § |  |
|  | § |  |

**O P I N I O N**

In this original proceeding, Relator Lucchese Inc. seeks a writ of mandamus compelling the Hon. William E. Moody, Judge of the 34th Judicial District Court of El Paso County, to grant Realtor's motion to compel arbitration.

Real Party in Interest Jose Solano filed the underlying lawsuit in March 2007, alleging he suffered work-related injuries due to the negligence of his employer and immediate supervisor, Relator. Relator filed a motion to compel arbitration based on the employer's injury benefit plan, (the "Arena Brands Texas Injury Benefit Plan") and the "Receipt, Safety Pledge, and Arbitration Agreement." Mr. Solano signed a Spanish language version of the acknowledgment on September 7, 2005. In pertinent part, the document stated:

> RECEPTION OF MATERIALS. By my signature below, I acknowledge that I have received and read (or have had an opportunity to read) the Summary Plan Description (the "SPD") for the Arena Brands Texas Injury Benefit Plan, effective since April 1, 2003.
>
> .        .        .
>
> ARBITRATION. I also acknowledge that this SPD includes a mandatory

company policy requiring that certain claims and disputes relating to an on-the-job injury **(that cannot otherwise be resolved between the Company and me) must be submitted to an arbitrator**, rather than a judge and jury in court. I understand that by receiving this SPD and becoming employed (or continuing my employment) with the Company at any time on or after April 1, 2003, I am accepting and agreeing to comply with these arbitration requirements. All covered claims brought by my spouse, children, beneficiaries, representatives, executors, administrators, guardians, heirs or assigns are also subject to the SPD's arbitration policy, and any decision of an arbitrator will be final and binding for such persons and the Company. [Emphasis in original].

The trial court denied Relator's motion on December 23, 2008. Relator filed its petition on February 19, 2009, asserting the trial court's ruling constitutes a clear abuse of discretion, and it is entitled to relief by writ of mandamus.[1]

A writ of mandamus will issue to correct a clear abuse of discretion when there is no adequate remedy by appeal. *See In re Prudential Ins. Co. Of America*, 148 S.W.3d 124, 135-36 (Tex. 2004)(orig. proceeding). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable that it amounts to a clear, prejudicial error of law, or if the decision results from a clear failure to correctly apply the law to the established facts. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005)(orig. proceeding). It is the relator's burden to establish a clear abuse of discretion has occurred. *Id.* The erroneous denial of a motion to compel arbitration pursuant to the Federal Arbitration Act (FAA), is subject to relief by mandamus as the movant has no alternative adequate remedy. *In re Nexion Health at Humble, Inc.*, 173 S.W.3d 67, 69 (Tex. 2005)(orig. proceeding).

When reviewing a trial court's ruling on a motion to compel arbitration, the reviewing

---

[1] This is one of two original proceedings in which Luccese, Inc. challenges the trial court's denial of its motion to compel arbitration regarding its employee injury benefit plan. *See In re Lucchese, Inc. and Velarde*, -- S.W.3d. --, No. 08-09-00051-CV (Tex.App.--El Paso May 26, 2010, orig. proceeding).

-2-

court must first determine whether a valid arbitration agreement exists between the parties before determining whether the agreement encompasses the claims raised. *In re Bank One, N.A.*, 216 S.W.3d 825, 826 (Tex. 2007)(orig. proceeding). Whether an agreement is valid is generally determined by state-law principles of contract law, and is a legal question subject to *de novo* review. *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 781 (Tex. 2006)(orig. proceeding). It is the movant's initial burden to establish the existence of an agreement to arbitrate, and in the face of such an agreement the burden shift's to the nonmovant to establish a contractual defense. *See J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). There is no dispute as to the existence of an arbitration agreement in this case. We are faced only with Mr. Solano's arguments against the validity and enforceability of the agreement.

In his response to Relator's motion to compel, Mr. Solano argued, in part, that the arbitration agreement was unenforceable because it was illusory. An arbitration agreement is valid, and the promise to arbitrate is not illusory if the promise cannot be avoided by amendment or termination. *In re Halliburton Co.*, 80 S.W.3d 566, 569 (Tex. 2002)(orig. proceeding). For example, in *Halliburton*, the Texas Supreme Court determined the arbitration agreement was not illusory because the agreement required the company to give employees ten days' notice of any changes. *Id*. at 570. In other words, if a party retains the unilateral and unrestricted right to terminate an arbitration agreement, the agreement is illusory. *In re Datamark, Inc.*, 296 S.W.3d 614, 617 (Tex.App.--El Paso 2009, orig. proceeding).

According to the "Amendment or Termination of Plan" section of the Plan Summary Description provided to employees:

The Company presently intends to continue the Plan indefinitely, but the

-3-

Company reserves the right to amend, modify, or terminate the Plan at any time; provided, however, no amendment or termination of the Plan will reduce the amount of any benefit then due and payable under the Plan to or with respect to you in connection with an injury occurring prior to the date of such amendment or termination. Any such amendment or termination will be adopted pursuant to formal written action of a representative authorized to act on behalf of the Company.[2]

As we explained in our analysis of a similar provision in *In re Datamark, Inc.*, this type of provision, "gives the company unilateral control to modify or revoke the policy." 296 S.W.3d at 617. Unlike the provision in *Halliburton*, it does not requires the employees be notified of changes to the plan, and certainly does not give them notice of the employer's intent to alter the terms of the agreement. *See Halliburton*, 80 S.W.3d at 569-70.

Relator argues that the agreement is not illusory because the company remains obligated to arbitrate claims related to injuries which occur prior to aberrations made to the plan. Again, we turn to our opinion in *Datamark* for guidance, and must disagree with Relator's argument. The fact that the plan provides that pre-alteration injuries will remain subject to the pre-alternation version of the plan, the employer retains unilateral control over the agreement and can amend or terminate the plan at any time without giving prior notice to the employees, the promise to arbitrate is illusory. *See In re Datamark, Inc.*, 296 S.W.3d at 618. Because the language permits the employer to unilaterally nullify the arbitration agreement, the employees have received nothing of value for their promises to arbitrate employment related disputes. *See J.M. Davidson, Inc.*, 128 S.W.3d at 203 n.2. Therefore, we conclude the Termination and

---

[2] The record in this case does not include the actual Plan documents. For the language included in the Plan itself, *see In re Lucchese, Inc. and Velarde*, -- S.W.3d. --, No. 08-09-00051-CV (Tex.App.--El Paso May 26, 2010, orig. proceeding). As the Plan itself is not before the Court in this case, we will limit our review to the terms of the SPD.

Amendment provision of the Arena Brands Texas Injury Benefit Plan renders the arbitration agreement illusory and unenforceable. *See In re Datamark, Inc.*, 296 S.W.3d at 618. Because Mr. Solano raised a valid defense to the enforcement of the agreement, the trial court did not abuse its discretion by denying Relator's motion to compel, and there is no need to address Relator's remaining arguments.

Mandamus relief is denied.


May 26, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.