COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS










IN RE: LUCCHESE, INC.,


§
 
§
 
§
 
§
 
§
 
 § 




No. 08-09-00064-CV

An Original Proceeding 

in Mandamus





O P I N I O N

            In this original proceeding, Relator Lucchese Inc. seeks a writ of mandamus compelling
the Hon. William E. Moody, Judge of the 34th Judicial District Court of El Paso County, to grant
Realtor’s motion to compel arbitration.
            Real Party in Interest Jose Solano filed the underlying lawsuit in March 2007, alleging he
suffered work-related injuries due to the negligence of his employer and immediate supervisor,
Relator. Relator filed a motion to compel arbitration based on the employer’s injury benefit plan,
(the “Arena Brands Texas Injury Benefit Plan”) and the “Receipt, Safety Pledge, and Arbitration
Agreement.” Mr. Solano signed a Spanish language version of the acknowledgment on
September 7, 2005. In pertinent part, the document stated:
RECEPTION OF MATERIALS. By my signature below, I acknowledge that I
have received and read (or have had an opportunity to read) the Summary Plan
Description (the “SPD”) for the Arena Brands Texas Injury Benefit Plan, effective
since April 1, 2003.
. . .
 
ARBITRATION. I also acknowledge that this SPD includes a mandatory
company policy requiring that certain claims and disputes relating to an on-the-job
injury (that cannot otherwise be resolved between the Company and me)
must be submitted to an arbitrator, rather than a judge and jury in court. I
understand that by receiving this SPD and becoming employed (or continuing my
employment) with the Company at any time on or after April 1, 2003, I am
accepting and agreeing to comply with these arbitration requirements. All
covered claims brought by my spouse, children, beneficiaries, representatives,
executors, administrators, guardians, heirs or assigns are also subject to the SPD’s
arbitration policy, and any decision of an arbitrator will be final and binding for
such persons and the Company. [Emphasis in original].

            The trial court denied Relator’s motion on December 23, 2008. Relator filed its petition
on February 19, 2009, asserting the trial court’s ruling constitutes a clear abuse of discretion, and
it is entitled to relief by writ of mandamus.



            A writ of mandamus will issue to correct a clear abuse of discretion when there is no
adequate remedy by appeal. See In re Prudential Ins. Co. Of America, 148 S.W.3d 124, 135-36
(Tex. 2004)(orig. proceeding). A trial court abuses its discretion when it reaches a decision so
arbitrary and unreasonable that it amounts to a clear, prejudicial error of law, or if the decision
results from a clear failure to correctly apply the law to the established facts. In re Ford Motor
Co., 165 S.W.3d 315, 317 (Tex. 2005)(orig. proceeding). It is the relator’s burden to establish a
clear abuse of discretion has occurred. Id. The erroneous denial of a motion to compel
arbitration pursuant to the Federal Arbitration Act (FAA), is subject to relief by mandamus as the
movant has no alternative adequate remedy. In re Nexion Health at Humble, Inc., 173 S.W.3d
67, 69 (Tex. 2005)(orig. proceeding).
            When reviewing a trial court’s ruling on a motion to compel arbitration, the reviewing
court must first determine whether a valid arbitration agreement exists between the parties before
determining whether the agreement encompasses the claims raised. In re Bank One, N.A., 216
S.W.3d 825, 826 (Tex. 2007)(orig. proceeding). Whether an agreement is valid is generally
determined by state-law principles of contract law, and is a legal question subject to de novo
review. In re D. Wilson Constr. Co., 196 S.W.3d 774, 781 (Tex. 2006)(orig. proceeding). It is
the movant’s initial burden to establish the existence of an agreement to arbitrate, and in the face
of such an agreement the burden shift’s to the nonmovant to establish a contractual defense. See
J.M. Davidson, Inc. v. Webster, 128 S.W.3d 223, 227 (Tex. 2003). There is no dispute as to the
existence of an arbitration agreement in this case. We are faced only with Mr. Solano’s
arguments against the validity and enforceability of the agreement.
            In his response to Relator’s motion to compel, Mr. Solano argued, in part, that the
arbitration agreement was unenforceable because it was illusory. An arbitration agreement is
valid, and the promise to arbitrate is not illusory if the promise cannot be avoided by amendment
or termination. In re Halliburton Co., 80 S.W.3d 566, 569 (Tex. 2002)(orig. proceeding). For
example, in Halliburton, the Texas Supreme Court determined the arbitration agreement was not
illusory because the agreement required the company to give employees ten days’ notice of any
changes. Id. at 570. In other words, if a party retains the unilateral and unrestricted right to
terminate an arbitration agreement, the agreement is illusory. In re Datamark, Inc., 296 S.W.3d
614, 617 (Tex.App.--El Paso 2009, orig. proceeding).
            According to the “Amendment or Termination of Plan” section of the Plan Summary
Description provided to employees:
The Company presently intends to continue the Plan indefinitely, but the
Company reserves the right to amend, modify, or terminate the Plan at any time;
provided, however, no amendment or termination of the Plan will reduce the
amount of any benefit then due and payable under the Plan to or with respect to
you in connection with an injury occurring prior to the date of such amendment or
termination. Any such amendment or termination will be adopted pursuant to
formal written action of a representative authorized to act on behalf of the
Company.




            As we explained in our analysis of a similar provision in In re Datamark, Inc., this type
of provision, “gives the company unilateral control to modify or revoke the policy.” 296 S.W.3d
at 617. Unlike the provision in Halliburton, it does not requires the employees be notified of
changes to the plan, and certainly does not give them notice of the employer’s intent to alter the
terms of the agreement. See Halliburton, 80 S.W.3d at 569-70.
            Relator argues that the agreement is not illusory because the company remains obligated
to arbitrate claims related to injuries which occur prior to aberrations made to the plan. Again,
we turn to our opinion in Datamark for guidance, and must disagree with Relator’s argument. 
The fact that the plan provides that pre-alteration injuries will remain subject to the pre-alternation version of the plan, the employer retains unilateral control over the agreement and can
amend or terminate the plan at any time without giving prior notice to the employees, the
promise to arbitrate is illusory. See In re Datamark, Inc., 296 S.W.3d at 618. Because the
language permits the employer to unilaterally nullify the arbitration agreement, the employees
have received nothing of value for their promises to arbitrate employment related disputes. See
J.M. Davidson, Inc., 128 S.W.3d at 203 n.2. Therefore, we conclude the Termination and
Amendment provision of the Arena Brands Texas Injury Benefit Plan renders the arbitration
agreement illusory and unenforceable. See In re Datamark, Inc., 296 S.W.3d at 618. Because
Mr. Solano raised a valid defense to the enforcement of the agreement, the trial court did not
abuse its discretion by denying Relator’s motion to compel, and there is no need to address 
Relator’s remaining arguments.
            Mandamus relief is denied.



May 26, 2010
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.