COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| | § | |
| | | No. 08-09-00051-CV |
| IN RE: LUCCHESE BOOT CO. | § | |
| | | An Original Proceeding |
| AND JOSE ANGEL VELARDE | § | |
| | | in Mandamus |
| | § | |
| | § | |

**O P I N I O N**

In this original proceeding, Relators Lucchese Boot Company and Jose Angel Velarde seek a writ of mandamus compelling the Hon. William E. Moody, Judge of the 34th Judicial District Court of El Paso County, to grant Realtors' motion to compel arbitration.

Real Party in Interest Hector Rodriguez filed the underlying lawsuit in February 2008, alleging he suffered a work-related injury due to the negligence of his employer and immediate supervisor, Relators. Relators filed a motion to compel arbitration based on the employer's injury benefit plan (the "Arena Brands Texas Injury Benefit Plan") and the "Receipt, Safety Pledge, and Arbitration Agreement." Mr. Rodriguez signed the acknowledgment on September 21, 2005. In pertinent part, the document stated:

> RECEPTION OF MATERIALS. By my signature below, I acknowledge that I have received and read (or have had an opportunity to read) the Summary Plan Description (the "SPD") for the Arena Brands Texas Injury Benefit Plan, effective since April 1, 2003.
>
> .     .     .
>
> ARBITRATION. I also acknowledge that this SPD includes a mandatory

company policy requiring that certain claims and disputes relating to an on-the-job injury **(that cannot otherwise be resolved between the Company and me) must be submitted to an arbitrator**, rather than a judge and jury in court. I understand that by receiving this SPD and becoming employed (or continuing my employment) with the Company at any time on or after April 1, 2003, I am accepting and agreeing to comply with these arbitration requirements. All covered claims brought by my spouse, children, beneficiaries, representatives, executors, administrators, guardians, heirs or assigns are also subject to the SPD's arbitration policy, and any decision of an arbitrator will be final and binding for such persons and the Company.[1]  [Emphasis in original].

The trial court denied Relators' motion on December 23, 2008. Relators filed their petition on January 28, 2009, asserting the trial court's ruling constitutes a clear abuse of discretion, and they are entitled to relief by writ of mandamus.[2]

A writ of mandamus will issue to correct a clear abuse of discretion when there is no adequate remedy by appeal. *See In re Prudential Ins. Co. Of America*, 148 S.W.3d 124, 135 (Tex. 2004)(orig. proceeding). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable that it amounts to a clear, prejudicial error of law, or if the decision results from a clear failure to correctly apply the law to the established facts. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005)(orig. proceeding). It is the relator's burden to establish a clear abuse of discretion has occurred. *Id*. The erroneous denial of a motion to compel arbitration pursuant to the Federal Arbitration Act (FAA), is subject to relief by mandamus as the

---

[1] The record in this case does not include the SPD which was presented to the employees, and referenced in the acknowledgment. For the language included in the SPD, *see In re Lucchese, Inc.*, -- S.W.3d. --, No. 08-09-00064-CV (Tex.App.--El Paso May 26, 2010, orig. proceeding). As the SPD is not before the Court in this case, we will limit our review to the terms of the Plan included in the record.

[2] This is one of two original proceedings in which Lucchese, Inc. challenges the trial court's denial of its motion to compel arbitration regarding its employee injury benefit plan. *See In re Lucchese, Inc.*, -- S.W.3d. --, No. 08-09-00064-CV (Tex.App.--El Paso May 26, 2010, orig. proceeding).

movant has no alternative adequate remedy. *In re Nexion Health at Humble, Inc.*, 173 S.W.3d 67, 69 (Tex. 2005)(orig. proceeding).

When reviewing a trial court's ruling on a motion to compel arbitration, the reviewing court must first determine whether a valid arbitration agreement exists between the parties before determining whether the agreement encompasses the claims raised. *In re Bank One, N.A.*, 216 S.W.3d 825, 826 (Tex. 2007)(orig. proceeding). Whether an agreement is valid is generally determined by state-law principles of contract law, and is a legal question subject to *de novo* review. *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 781 (Tex. 2006)(orig. proceeding). It is the movant's initial burden to establish the existence of an agreement to arbitrate, and in the face of such an agreement the burden shift's to the nonmovant to establish a contractual defense. *See J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). There is no dispute as to the existence of an arbitration agreement in this case. We are faced only with Mr. Rodriguez's arguments against the validity and enforceability of the agreement.

In his response to Relators' motion to compel, Mr. Rodriguez argued, in part, that the arbitration agreement was unenforceable because it was illusory. An arbitration agreement is valid, and the promise to arbitrate is not illusory if the promise cannot be avoided by amendment or termination. *In re Halliburton Co.*, 80 S.W.3d 566, 569 (Tex. 2002)(orig. proceeding). For example, in *Halliburton*, the Texas Supreme Court determined the arbitration agreement was not illusory because the agreement required the company to give employees ten days' notice of any changes. *In re Halliburton Co.*, 80 S.W.3d at 570. In other words, if a party retains the unilateral and unrestricted right to terminate an arbitration agreement, the agreement is illusory. *In re Datamark, Inc.*, 296 S.W.3d 614, 617 (Tex.App.--El Paso 2009, orig. proceeding).

In this case, the Arena Brands Texas Injury Benefit Plan included the following Termination and Amendment provision:

> The Company shall have the right and power at any time and from time to time to amend this Plan, in whole or in part, on behalf of all Employers, and at any time to terminate this Plan or any Employer's participation hereunder; provided, however, that no such amendment or termination shall reduce the amount of any benefit then due and payable to or with respect to a Participant under the Plan in connection with an Injury occurring prior to the date of such amendment or termination. Any such amendment or termination shall be pursuant to formal written action of a representative authorized to act on behalf of the Company.

As we explained in our analysis of a similar provision in *In re Datamark, Inc.*, this type of provision, "gives the company unilateral control to modify or revoke the policy." 296 S.W.3d at 617. Unlike the provision in *Halliburton*, it does not requires the employees be notified of changes to the plan, and certainly does not give them notice of the employer's intent to alter the terms of the agreement. *See Halliburton*, 80 S.W.3d at 569-70.

Relators argue that the agreement is not illusory because the company remains obligated to arbitrate claims related to injuries which occur prior to aberrations made to the plan. Again we turn to our opinion in *Datamark* for guidance, and must disagree with Relators' argument. The fact that the plan provides that pre-alteration injuries will remain subject to the pre-alternation version of the plan, the employer retains unilateral control over the agreement and can amend or terminate the plan at any time without giving prior notice to the employees, the promise to arbitrate is illusory. *See In re Datamark, Inc.*, 296 S.W.3d at 618. Because the language permits the employer to unilaterally nullify the arbitration agreement, the employees have received nothing of value for their promises to arbitrate employment related disputes. *See J.M. Davidson, Inc.*, 128 S.W.3d at 203 n.2. Therefore, we conclude the Termination and Amendment provision

-4-

of the Arena Brand Texas Injury Benefit Plan renders the arbitration agreement illusory and unenforceable.  *See In re Datamark, Inc.*, 296 S.W.3d at 618.  Because Mr. Rodriguez raised a valid defense to the enforcement of the agreement, the trial court did not abuse its discretion by denying Relators' motion to compel, and there is no need to address the parties' remaining arguments.

Mandamus relief is denied.


May 26, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.