**Reversed and Remanded and Memorandum Opinion filed April 2, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00413-CV

**ARI-ARMATUREN USA, LP, AND ARI MANAGEMENT, INC., Appellants**

**V.**

**CSI INTERNATIONAL, INC., Appellee**

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-52127**

## MEMORANDUM OPINION

This appeal arises from the trial court's denial of a motion filed by ARI Ari-Armaturen USA, LP, and ARI Management, Inc., (collectively "ARI") to compel arbitration against CSI International, Inc. ("CSI"). For the reasons stated below, we decline CSI's request to dismiss the appeal for want of jurisdiction and determine the trial court erred by denying ARI's motion to compel.

**BACKGROUND**

In 2010, four agreements were executed on the same day in furtherance of one goal — for ARI to create an industrial spring-operated safety relief valve that matched the quality of a valve manufactured by CSI. Those agreements were a Partnership Agreement, an Independent Consulting Agreement, an Equipment Lease, and Building Lease. In 2013, a Redemption, Settlement and Release Agreement was also executed.

ARI filed suit in county court seeking title to the equipment ARI had been leasing from CSI under the Equipment Lease. The judgment from that suit is not in our record.

Subsequently, CSI filed suit in district court seeking damages over $2,000,000 on the grounds that ARI breached the Equipment Lease by failing to return the equipment. ARI moved to stay litigation and compel arbitration. CSI responded to the motion, and ARI replied. CSI then amended its petition, adding a claim under the Theft Liability Act, and filed a sur-response. Following a non-evidentiary hearing, the trial court denied the motion to compel.

**JURISDICTION**

We first address CSI's claim asserting the appeal should be dismissed for want of jurisdiction, because it is an appeal from an order reconsidering an order denying ARI's motion to compel arbitration and stay litigation. ARI filed one motion to compel arbitration. On January 11, 2018, the trial court signed an "ORDER DENYING ARBITRATION STAY." The order states:

ORDER DENYING
ARBITRATION STAY

ON THIS DAY CAME TO BE CONSIDERED [ARI's] Motion to Compel Arbitration. The Court finds that there is insufficient proof that parties entered in a valid contract requiring mandatory arbitration.

The Court finds that the Motion is without merit.

IT IS THEREFORE, ORDERED . . . that [ARI's] Motion for Arbitration Stay is DENIED.

That order was appealed to this court and assigned Appeal No. 14-18-00088-CV. On April 6, 2018, the parties filed in the trial court a joint request for emergency oral hearing "to ask [the trial court] to sign and enter a revised Order disposing of [ARI's] Motion to Compel Arbitration and Stay Litigation which was heard on January 11, 2018. . . . A new Order is deemed necessary to avoid a potential jurisdictional dispute created by the language of the Court's January 11, 2018 Order." On May 2, 2018, both parties filed a proposed order denying ARI's motion to compel arbitration and stay litigation. On May 3, 2018, the trial court signed another order, which provides:

**ORDER DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY LITIGATION**

ON THIS DAY CAME TO BE CONSIDERED, Defendants [ARI's] Motion to Compel Arbitration and Stay Litigation. The Court finds that [ARI's] Motion to Compel Arbitration and Stay Litigation is without merit.

It is therefore

ORDERED, ADJUDGED and DECREED that Defendants [ARI's] Motion to Compel Arbitration and Stay Litigation is DENIED. It is further

ORDERED, ADJUDGED and DECREED that the Order signed by this Court on January 11, 2018 at 12:41 p.m., is hereby VACATED.

Also on May 3, 2018, ARI filed a motion to dismiss the appeal of the trial court's January 11, 2018 order. The motion was granted and the appeal dismissed on May 15, 2018.

The record before this court does not reflect a request to reconsider the trial court's order denying ARI's motion to compel arbitration. Instead, the parties agreed a revised order was necessary because the first order denied the Motion for Arbitration *Stay*. (emphasis added).

The appeal before this court is from the May 3, 2018 order clarifying the trial court's denial of ARI's motion to stay litigation *and* the motion to compel arbitration. Accordingly, CSI's argument that this appeal arises from a motion to reconsider is without merit. Further, the case authority CSI relies upon for dismissing appeals from the denial of a motion to reconsider for want of jurisdiction is inapplicable. *See Brand FX, LLC v. Rhine*, 458 S.W.3d 195, 201 (Tex. App.— Fort Worth 2015, no pet.); *Nazareth Hall Nursing Ctr. v. Castro*, 374 S.W.3d 590, 594 (Tex. App.— El Paso 2012, no pet.)). We therefore overrule CSI's issue.

**ARBITRATION**

The Equipment Lease, the basis of CSI's claims against ARI, does not contain an arbitration provision, however, there is an arbitration provision in the Partnership Agreement. The Independent Consulting Agreement contains an arbitration provision; but the Building Lease does not. Although the Building Lease was not part of the record before the trial court, and does not appear in our record on appeal, during the hearing on ARI's motion to compel, CSI's counsel stated to the trial court that the Building Lease did not have an arbitration clause and did not incorporate or reference the arbitration clause in the Partnership Agreement. CSI was a signatory to the Equipment Lease and the Independent Consulting Agreement, but not the Partnership Agreement, which explicitly mentions CSI.

In a single issue, ARI asserts the trial court abused its discretion by refusing to compel arbitration because there is a valid and enforceable arbitration agreement in that:

- The Partnership Agreement contains a valid and enforceable arbitration agreement;

- ARI is a party to the Partnership Agreement;

- The arbitration clause applies to the Equipment Lease; and

- The arbitration provisions are enforceable against CSI under the direct benefits estoppel doctrine;

- CSI's claims are within the scope of the arbitration clause; and

- CSI's arguments in the trial court to avoid arbitration fail because:

  - The Redemption Agreement did not terminate the Partnership Agreement; and

  - The litigation of a prior dispute does not waive ARI's right to arbitrate the current dispute.

In response, CSI claims ARI fails to demonstrate the trial court abused its discretion because:

- ARI did not provide the trial court with the Building Lease, and therefor did not provide all the documents  ARI claims constituted a "single transaction for purposes of contract interpretation"; and

- ARI chose to litigate a portion of the disputes between the parties in a jury trial to final judgment and this case involves a compulsory counterclaim over which the prior trial court had no jurisdiction due to the amount in controversy.

In their reply brief, ARI claims:

- The trial court did not need to review the Building Lease; and

- The waiver argument is factually incorrect and is not supported by authority.

5

In this case, there is no dispute as to the existence of an arbitration agreement. Thus, we are only faced with CSI's arguments against the validity and enforceability of the agreement. *See In re Lucchese Boot Co.*, 324 S.W.3d 211, 213 (Tex. App.—El Paso 2010, no pet.). On appeal, ARI claims four documents were contemporaneously executed and that interpreting the agreements as a whole, as contract law dictates, the arbitration clause in the Partnership Agreement applies to the Equipment Lease. CSI complains that ARI failed to provide the trial court with all four documents, namely the Building Lease, citing *Branch Law Firm, L.L.P. v. Osborn*, 447 S.W.3d 390 (Tex. App.—Houston [14th Dist.] 2014, no pet.). CSI contends the missing agreement could have been the basis for the trial court's denial of the motion to compel. We disagree.

*Branch Law Firm* is distinguishable from the case at bar. In that case, the law firm sought to compel arbitration against a non-signatory party based upon an arbitration provision in a master settlement agreement that was heavily redacted. 447 S.W.3d at 391-92. The claims in that suit were for breach of contract of the master settlement agreement. *Id.* Here, the claims for breach of contract and violation of the Theft Liability Act are based upon the Equipment Lease, which was before the trial court *in toto*. The arbitration provision in this case is contained in the Partnership Agreement, which was also before the trial court *in toto*. Moreover, in *Branch Law Firm,* this court noted "this case does not involve a situation in which the opposing party . . . has access to a copy of the entire contract and it might be argued that he would have submitted any other parts of the contract relating to the arbitration issues, if there were any." *Id.* at 397.

Here, there is no suggestion that CSI, as the lessor, did not have a copy of the Building Lease or that the Building Lease was necessary or even relevant to the arbitration provision; in fact, counsel for CSI acknowledged that the Building Lease

did not reference the arbitration provision. Thus, unlike *Branch Law Firm,* the trial court had before it, as does this court, the entirety of the agreements necessary to determine whether a valid and enforceable arbitration agreement exists.

We therefore reject CSI's claim that ARI failed to meet its burden to establish the existence of a valid and enforceable agreement because it did not submit the Building Lease to the trial court.

CSI further argues ARI waived its right to arbitration. To establish substantial invocation of the judicial process, the implied waiver that CSI relies upon, CSI had the burden to prove (1) ARI substantially invoked the judicial process in a manner inconsistent with its claimed right to compel arbitration; and (2) CSI suffered actual prejudice as a result of the inconsistent conduct. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 116 (Tex. 2018), *cert. denied*, 139 S. Ct. 184, 202 L. Ed. 2d 40 (2018).

The only prejudice asserted by CSI is the cost of the prior litigation. CSI does not explain how *arbitration* of its current claim for damages, as opposed to *litigation*, is prejudiced by the failure to arbitrate ARI's claim of ownership in the prior proceeding. The mere fact that there was prior litigation over the same contract is insufficient to establish waiver. *Valero Energy Corp. v. Teco Pipeline Co.*, 2 S.W.3d 576 (Tex. App.—Houston [14th Dist.] 1999, no pet.). CSI fails to claim delay or explain how the previous litigation prejudiced arbitration of CSI's current claims. *Id.* at 595. Accordingly, CSI has not established the second prong of its defense of waiver.

### CONCLUSION

For these reasons, we conclude the trial court erred in denying ARI's motion to compel arbitration. We accordingly reverse the trial court's May 3, 2018 order and remand this cause to the trial court for proceedings consistent with this opinion.


/s/    Margaret "Meg" Poissant
        Justice


Panel consists of Justices Christopher, Hassan, and Poissant.