# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-20-00458-CV

---

**5th and West Owner, L.P.; and Joshua Needham, Appellants**

**v.**

**Daryn Wasek and Donald Wasek, Appellees**

---

### FROM THE 200TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-20-000762, THE HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

5th and West Owner, L.P., and Joshua Needham appeal from an interlocutory order denying their motion to compel arbitration of the claims brought against them by Daryn and Donald Wasek. *See* Tex. Civ. Prac. & Rem. Code § 171.098(a)(1) (allowing interlocutory appeal from order denying motion to compel arbitration). We will reverse and remand.

## BACKGROUND

5th and West is the developer of a residential condominium building in downtown Austin. In December of 2017, the Waseks signed a contract to purchase a unit in the building, which was then in the early stages of development. The contract required the parties to resolve "claims relating to the design or construction of the units, common elements or any improvement located within the regime established by the [condominium] declaration" in "accordance with the

dispute resolution procedures set forth in the declaration." Article 19 of that declaration requires parties to arbitrate certain types of claims, including "claims relating to the design or construction of the units, common elements or any improvement located within the [condominium] regime." It also lays out certain preconditions to initiating arbitration, including mediation. The Waseks acknowledged in the contract that they had received a copy of the declaration two months earlier.

In December of 2018 (while construction was still ongoing), 5th and West adopted an amended declaration that rewrote and expanded article 19. The amended article 19 retained the original definition of "claim" but substantially expanded the preconditions to initiating an arbitration.

The Waseks closed on the condominium in April of 2019, when the building was complete. They had purchased the unit in "white box" condition, meaning they were responsible for designing and constructing the interior. Shortly after beginning work, the Waseks discovered leaks in the unit's curtain wall.[1] The general contractor determined the leaks were the result of defects in the construction of the wall and repaired the leaks.

The Waseks sued 5th and West for fraud and negligent misrepresentation for failing to disclose the leaks prior to closing. 5th and West filed a motion to abate and to compel arbitration. *See id.* § 171.021(a) (providing that courts "shall order the parties to arbitrate" upon application showing "an agreement to arbitrate"). Specifically, 5th and West asked the court to abate the case and order the parties to "comply with the dispute resolution processes and requirements" required by the contract and declaration and to refer all claims to binding

---

[1] According to the parties, the curtain wall is the exterior wall of the building.

2

arbitration. 5th and West attached to its motion copies of the contract and the amended version of article 19.

The Waseks amended their petition to add Needham—who acted on behalf of 5th and West during the transaction—as a defendant. They also alleged that the adoption of the amended condominium declaration was a "separate and additional fraud" because it was "an attempt to thwart or effectively prevent the Waseks and other owners from pursuing claims such as those the Waseks pursue here." The Waseks also added claims for declaratory relief that (1) the amended version of article 19 does not apply to the Waseks' claims, and (2) appellants should be estopped from arguing they were not responsible for "investigating, repairing and testing the leaks in the Waseks' curtain wall."

Appellants jointly filed an amended motion to compel arbitration, appending to the amended motion the pre-amendment version of article 19, among other documents. The Waseks responded that their claims are outside the scope of the agreement and, alternatively, that the contractual preconditions to arbitration have not been satisfied. They also asserted that both versions of article 19 are procedurally and substantively unconscionable and illusory. Following an evidentiary hearing, the district court signed an order denying appellants' motion without stating its reasons. This interlocutory appeal followed.

**APPLICABLE LAW AND STANDARD OF REVIEW**

As a threshold matter, we first address the parties' dispute over the governing law. Appellants argue that the Federal Arbitration Act (FAA), *see* 9 U.S.C. §§ 1–307, and the Texas Arbitration Act, *see* Tex. Civ. Prac. & Rem. Code § 171.001–.098, both apply to this dispute. The Waseks respond that the FAA does not apply because the contract does not involve

3

interstate commerce. *See Fredericksburg Care Co. v. Perez*, 461 S.W.3d 513, 517 (Tex. 2015) ("The FAA applies to arbitration clauses in contracts that affect interstate commerce."). We need not resolve this question because no party argues that the FAA preempts the TAA on any issue in this case. *See G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 519 n.14 (Tex. 2015) (explaining that "[t]he TAA is preempted only when it or other state law would not allow enforcement of an arbitration agreement that the FAA would enforce" and that party seeking to avoid application of TAA has burden of raising that issue (citing *Ellis v. Schlimmer*, 337 S.W.3d 860, 862 (Tex. 2011))). We therefore presume the TAA applies, but we find guidance in court decisions addressing both acts. *See id.*; *Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 56 (Tex. 2008) ("Whether a case is governed by the Federal Arbitration Act (FAA) or the TAA, many of the underlying substantive principles are the same[.]").

A party seeking to compel arbitration must prove the existence of a valid agreement to arbitrate and that the disputed claims are within the scope of that agreement. *G.T. Leach Builders*, 458 S.W.3d at 519. We resolve these questions by applying "common principles of general contract law to determine the parties' intent." *Id.* at 520 n.15; *see also Wagner v. Apache Corp.*, 627 S.W.3d 277, 283 (Tex. 2021) ("Arbitration agreements are on equal footing with other contracts and must be enforced according to their terms."). If a party proves that the disputed claims are within the scope of a valid agreement to arbitrate, the burden shifts to the opposing party to set up an affirmative defense to arbitration. *Bonsmara Nat. Beef Co. v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 397–98 (Tex. 2020).

We review the denial of a motion to compel arbitration for an abuse of discretion, deferring to the trial court's factual findings but reviewing legal questions de novo. *Henry*

*v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018).  The validity and scope of an arbitration agreement are legal questions that we review de novo.  *Wagner*, 627 S.W.3d at 283.

**DISCUSSION**

The parties join issue over whether the Waseks' claims fall within the scope of the arbitration agreement and whether the Waseks failed to establish a defense to arbitration.

The parties do not dispute that the purchase contract requires arbitration of certain claims, so "a 'strong presumption favoring arbitration arises' and we resolve doubts as to the agreement's scope in favor of arbitration."  *Rachal v. Reitz*, 403 S.W.3d 840, 850 (Tex. 2013) (quoting *Ellis*, 337 S.W.3d at 862).  When determining whether claims fall within the scope of an arbitration agreement, we look to the factual allegations rather than the legal claims.  *Id.* (citing *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 754 (Tex. 2001) (orig. proceeding)).  The "allegations need only be factually intertwined with arbitrable claims or otherwise touch upon the subject matter of the agreement containing the arbitration provision."  *Dargahi v. Handa*, No. 03-17-00386-CV, 2017 WL 5247517, at *2 (Tex. App.—Austin Nov. 8, 2017, no pet.) (mem. op.); *see Southwinds Express Constr., LLC v. D.H. Griffin of Tex., Inc.*, 513 S.W.3d 66, 74 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

The contract requires arbitration of "claims relating to the design or construction of the units, common elements or any improvement located within the regime established by the [condominium] declaration."  The Waseks argue that their claims do not relate to the leaks but to appellants' alleged nondisclosure and the adoption of the amended declaration.  Courts have held that agreements requiring arbitration of claims "relating to" a subject are "extremely broad" and "capable of expansive reach."  *See Kirby Highland Lakes Surgery Ctr., L.L.P. v. Kirby*,

183 S.W.3d 891, 898 (Tex. App.—Austin 2006, no pet.). For example, in *Kirby*, we interpreted a clause requiring parties to arbitrate all disputes "relating to" an agreement as covering "all disputes between the parties having a significant relationship to the contract regardless of the label attached to the dispute." *Id.*; *see Toll Dall. TX, LLC v. Dusing*, No. 03-18-00099-CV, 2019 WL 2127885, at *6–7 (Tex. App.—Austin May 16, 2019, no pet.) (mem. op.) (holding that agreement requiring arbitration of all claims "related to" design or construction of home "extend[ed] to all disputes that 'touch' matters" covered by agreement). Given the breadth of the arbitration clause and the significant factual relationship between the Waseks' claims and the leaks, we conclude that their claims fall within the scope of the arbitration clause.

Nevertheless, the Waseks insist that the district court did not abuse its discretion because article 19's prerequisites to arbitration have not been satisfied and Texas courts "consistently have upheld denial of arbitration when the [contractual] prerequisites for arbitration have not been satisfied." Specifically, they contend that it is undisputed that at least one precondition—that a claimant initiate mediation—has not been satisfied. Appellants respond that whether the parties must mediate is a matter for the arbitrator.

We agree with appellants. Courts generally presume that the parties "intend arbitrators, not courts, to decide disputes about the meaning and application of particular procedural preconditions for the use of arbitration." *G.T. Leach Builders*, 458 S.W.3d at 521 (citing *BG Grp., PLC v. Republic of Argentina*, 572 U.S. 25, 34–35 (2014)). These procedural matters include "the satisfaction of prerequisites such as time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate."[2] *Id.* "If, however, there is clearly

---

[2] The Waseks argue that it "do[es] not make sense" to require them to complete certain of article 19's dispute-resolution procedures, such as a third-party inspection report of the wall

6

established proof that a strictly procedural requirement has not been met and that procedural requirement precludes arbitration, a court can deny a motion to compel arbitration on this ground." *Rodriguez v. Texas Leaguer Brewing Co.*, 586 S.W.3d 423, 430 (Tex. App.—Houston [14th Dist.] 2019, pet. denied) (citing *Amir v. International Bank of Com.*, 419 S.W.3d 687, 692 (Tex. App.—Houston [1st Dist.] 2013, no pet.)). This exception is "rare" and applies only when "'no rational mind' could question . . . that the parties intended for a procedural provision to preclude arbitration[.]" *Bonsmara Nat. Beef Co.*, 603 S.W.3d at 399 (citing *General Warehousemen & Helpers Union Loc. 767 v. Albertson's Distrib., Inc.*, 331 F.3d 485, 488 (5th Cir. 2003)).

Appellants argue that this case is indistinguishable from *Pisces Foods*, where we upheld a ruling denying a motion to compel arbitration because the parties had not attempted to mediate. *See In re Pisces Foods, L.L.C.*, 228 S.W.3d 349, 353–54 (Tex. App.—Austin 2007, orig. proceeding). This Court held that the trial court did not abuse its discretion by denying Pisces's motion to compel because the arbitration agreement "expressly require[d] mediation as a precondition for requesting arbitration," and there was no evidence that mediation had occurred. *Id.* Article 19 also contemplates that mediation would occur before arbitration, but nothing indicates the parties intended to dispense with arbitration if mediation does not occur first. To the contrary, the contract expressly requires compliance with *all* the dispute resolution procedures set out in article 19, including arbitration. *See In re U.S. Home Corp.*, 236 S.W.3d 761, 764 (Tex. 2007) (orig. proceeding) (rejecting materially identical argument because "while the

---

where the leaks were discovered, when there is no dispute that the leaks existed or have been repaired. We must reject this argument because nothing in the contract rebuts the presumption that the parties intended the arbitrators to decide the meaning and applicability of these procedures. *See G.T. Leach Builders, LLC v. Sapphire V.P.*, 458 S.W.3d 502, 521 (Tex. 2015).

parties' agreements clearly contemplated mediation before arbitration, there is no indication they intended to dispense with arbitration if mediation did not occur first").[3] We conclude that the district court erred by deciding that the parties' failure to mediate precluded arbitration under article 19. *See id.*; *In re R&R Pers. Specialists of Tyler, Inc.*, 146 S.W.3d 699, 705 (Tex. App.—Tyler 2004, orig. proceeding) ("Whether R & R has satisfied the prerequisites to arbitration and the effect of any failure to do so are questions for the arbitrator to decide.").

**Defenses**

We now turn to whether the Waseks carried their burden to establish a defense to arbitration. The Waseks assert that article 19 is illusory and that the amended version is unconscionable.

We first consider whether the arbitration agreement was illusory. Generally, a contract "is illusory if it does not bind the promisor, such as when the promisor retains the option to discontinue performance." *In re 24R, Inc.*, 324 S.W.3d 564, 567 (Tex. 2010) (orig. proceeding) (per curiam) (citing *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 849 (Tex. 2009)). In the arbitration context, an agreement "is illusory if it binds one party to arbitrate, while allowing the other to choose whether to arbitrate." *Royston,*

---

[3] This case is distinguishable from *Pisces Foods* in another respect. The agreement at issue there required both parties to attempt to mediate disputes before resorting to arbitration. *In re Pisces Foods, L.L.C.*, 228 S.W.3d 349, 353–54 (Tex. App.—Austin 2007, orig. proceeding). On the other hand, article 19 provides that a "[c]laimant may not initiate any proceeding before any administrative tribunal seeking redress of resolution of its Claim until Claimant has complied with the procedures of this article." Article 19 defines "claimant" as "any party having a claim against another party." Thus, 5th and West was not required to initiate mediation when it had no claim against the Waseks. *See In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 574 (Tex. 1999) (orig. proceeding) ("It was never Oakwood's burden under the Agreement to initiate the arbitration process against itself or assist the Brandons in doing so."), *abrogated on other grounds by In re Halliburton Co.*, 80 S.W.3d 566 (Tex. 2002) (orig. proceeding)

8

*Rayzor, Vickery, & Williams, LLP v. Lopez*, 467 S.W.3d 494, 505 (Tex. 2015). Even a mutual agreement to arbitrate "remains illusory if the contract permits one party to legitimately avoid its promise to arbitrate, such as by unilaterally amending or terminating the arbitration provision and completely escaping arbitration." *Id.*; *see In re Odyssey Healthcare, Inc.*, 310 S.W.3d 419, 424 (Tex. 2010) (orig. proceeding) (per curiam) (explaining that "an arbitration clause is not illusory unless one party can avoid its promise to arbitrate by amending the provision or terminating it altogether"). The Waseks argue that the contract is illusory because 5th and West could escape its agreement to arbitrate by further amending or even repealing article 19. However, the "mere fact that an arbitration clause is one-sided does not make it illusory." *See Royston*, 467 S.W.3d at 505. For example, the supreme court has determined that an arbitration clause was not illusory even though it allowed one party to unilaterally modify the clause with thirty days' notice. *In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 607–08 (Tex. 2005) (orig. proceeding). The supreme court held that the clause was not illusory because it required AdvancePCS to arbitrate claims falling within the thirty-day window. *Id.*; *see In re Halliburton Co.*, 80 S.W.3d 566, 569–70 (Tex. 2002) (orig. proceeding) (upholding clause that allowed Halliburton to unilaterally amend arbitration rules with ten days' notice because amendments did not apply to any claim filed within that period).

Similarly, appellants argue that the agreement is not illusory because a statute prohibits applying the amendments to the Waseks' claim:

> An amendment to the declaration that modifies or removes the arbitration requirement or the process associated with resolution of a claim may not apply retroactively to a claim regarding the construction or design of units or common elements based on an alleged act or omission that occurred before the date of the amendment.

Tex. Prop. Code § 82.120(b). Appellants concede that Section 82.120 applies and requires them to arbitrate any claims arising before the amendments under the original version of article 19. The Waseks respond that Section 82.120 does not apply because their claims are based in part on facts which occurred after the adoption of the amendments. But the Waseks base their claims on omissions that began prior to the adoption of the amended declaration—the failure to disclose the leaks—and continued afterwards, and on the adoption itself. Applying the plain language of the statute, we conclude that it applies to the Waseks' claims. *See Davis v. Morath*, 624 S.W.3d 215, 222 (Tex. 2021) ("We must apply statutes as written and refrain from rewriting text that lawmakers chose."). We conclude that the arbitration agreement is not illusory because Section 82.120 prohibits appellants from escaping their obligation to arbitrate claims entirely. *See AdvancePCS*, 172 S.W.3d at 607–08; *Halliburton Co.*, 80 S.W.3d at 569–70.[4]

Next, the Waseks argue that the amended article 19 is invalid because it is substantively and procedurally unconscionable. *See Royston*, 467 S.W.3d at 499 ("Arbitration agreements may be either substantively or procedurally unconscionable, or both."). Appellants have conceded that the amended declaration does not apply to the Waseks' claims, and the Waseks do not make the same claim regarding the original version of article 19. Because the amendments are not applicable to the present dispute, it is unnecessary for us to decide whether the amendments are unconscionable. *See* Tex. R. App. P. 47.1 (requiring courts of appeals to

---

[4] Relying on *In re Datamark, Inc.*, 296 S.W.3d 614 (Tex. App.—El Paso 2009, orig. proceeding), the Waseks argue that "[n]otice of an amendment of an arbitration provision and an opportunity to enforce the arbitration provision before the amendment goes into effect also are required in order for the arbitration provision not to be illusory." The arbitration provision at issue there allowed Datamark to unilaterally modify the arbitration at any time without notice. *Id.* at 617–18. This meant that Datamark could avoid arbitrating any dispute by amending the arbitration provision before an employee requested arbitration. *Id.* at 618. *Datamark* does not assist the Waseks because Section 82.120 of the Property Code prohibits 5th and West from avoiding arbitration in the same manner.

10

write opinion "that addresses every issue raised and necessary to final disposition of the appeal"). *Cf. In re Poly-Am., L.P.*, 262 S.W.3d 337, 359 (Tex. 2008) (orig. proceeding) (declining to decide whether arbitration agreement that shortened statute of limitations was unconscionable when claimant filed claim within that shortened period).

After reviewing the record, we conclude that appellants proved the existence of an arbitration agreement, that the Waseks' claims fall within its scope, and that the Waseks failed to carry their burden to establish an affirmative defense. We sustain appellants' issue on appeal.

## CONCLUSION

We reverse the order denying appellants' motion to compel arbitration and remand for further proceedings consistent with this opinion. *See* Tex. Civ. Prac. & Rem. Code § 171.025; Tex. R. App. P. 43.2(d).

_____

Edward Smith, Justice

Before Chief Justice Byrne, Justices Baker and Smith

Reversed and Remanded

Filed:   January 7, 2022

11