Veronica ELLIS and Pacesetter Builders, Inc. d/b/a Coldwell Banker Pacesetter Steel Realtors, Petitioners,

v.

Dr. Ron and Tana SCHLIMMER, Respondents.

No. 10–0243.

Supreme Court of Texas.

April 1, 2011.

C.M. Henkel III, Fritz, Byrne Head & Harrison, PLLC, Corpus Christi, for Veronica Ellis.

G. Don Schauer, Ronald A. Simank, Schauer & Simank, P.C., Corpus Christi, for Pacesetter Builders, Inc.

Robert Anderson, Jordan M. Anderson, Anderson Lehman Barre & Maraist, LLP, Corpus Christi, for Dr. Ron Schlimmer.

PER CURIAM.

In this case, the court of appeals dismissed an interlocutory appeal of the trial court's order denying the defendants' motion to compel arbitration for want of jurisdiction because the movants failed to establish that the Federal Arbitration Act did not apply. 338 S.W.3d 12, 13–14. We reverse and remand to the court of appeals to consider the appeal's merits.[1]

In 2006, Ron and Tana Schlimmer purchased a house in Corpus Christi from Veronica Ellis. Coldwell Banker Pacesetter Steel Realtors ("Pacesetter") was the broker in the transaction and Ellis, who worked for Pacesetter, was the home's listing agent. After purchasing the home, the Schlimmers allegedly discovered various undisclosed defects. The Schlimmers sued Pacesetter and Ellis, alleging claims for fraud, breach of contract, negligent misrepresentation, and violations of the Deceptive Trade Practices Act. Ellis filed a third-party complaint against the builder from whom she purchased the house originally. Ellis's third-party claim was later severed and the Schlimmers' lawsuit was set for trial. Ellis and Pacesetter initiated discovery and proceeded with the lawsuit until five months before the trial setting, when their lawyers purportedly discovered a mandatory arbitration clause in the Schlimmers' real estate contract with Ellis. The clause provided:

> Should there be any disagreement between seller and buyer that can not be resolved through mediation, both buyer and seller agree to submit this disagreement to binding arbitration with a mutually agreeable arbitrator.

Pacesetter and Ellis then filed a motion to abate and compel arbitration. The Schlimmers claimed waiver and estoppel and argued that the language of the agreement did not cover the dispute between the parties.

The trial court denied the motion, and Pacesetter and Ellis filed an interlocutory appeal under section 171.098(a)(1) of the Civil Practice and Remedies Code, a provision of the Texas Arbitration Act. Although the Schlimmers did not contest its jurisdiction, the court of appeals *sua sponte* dismissed the interlocutory appeal. According to the court, Pacesetter and Ellis's motion to compel failed to invoke either the TAA or the FAA. 338 S.W.3d at 13–14. It reasoned that since the trial court did not decide which statute applied and an interlocutory appeal is only authorized under the TAA, there was no evidence an appeal was authorized. *Id.* at 14–15. Consequently, the court dismissed the appeal for want of jurisdiction. *Id.* at 17.

A party attempting to compel arbitration must first establish the existence of a valid arbitration agreement. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex.2003); TEX. CIV. PRAC. & REM.CODE

---

1. We have jurisdiction over this interlocutory appeal because we are called upon to decide whether the court of appeals correctly determined that it lacked jurisdiction. *See Klein v. Hernandez*, 315 S.W.3d 1, 3 (Tex.2010).

§ 171.021(a). Once the party seeking arbitration does so, a strong presumption favoring arbitration arises, and the burden shifts to the party opposing arbitration to raise an affirmative defense to the agreement's enforcement. *Id.* Further, courts should resolve any doubts as to the agreement's scope, waiver, and other issues unrelated to its validity in favor of arbitration. *See In re Poly–America, L.P.*, 262 S.W.3d 337, 348 (Tex.2008). If a trial court denies a motion to compel arbitration, appellate review may be available under both the TAA and the FAA so long as the TAA is not preempted. *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 780 (Tex. 2006). The TAA is preempted only when it or other state law would not allow enforcement of an arbitration agreement that the FAA would enforce. *Id.* at 779–80.

In this case, while Ellis and Pacesetter did not specifically invoke the TAA in their motion to compel arbitration, their counsel specifically referred to it in the hearing on the motion. The burden was on the Schlimmers to show that some Texas state law or statutory requirement would prevent enforcement of the arbitration agreement under the TAA so that the FAA would preempt the Texas act. They did not raise any such defenses, nor did they question the agreement's existence. Instead, they argued merely that the agreement did not cover the dispute, and that Ellis and Pacesetter had waived the right to arbitration or were estopped from enforcing it.

The court of appeals' decision erroneously placed the burden to establish the absence of any defenses to arbitration on Ellis and Pacesetter. Under these circumstances, its decision is contrary to the strong policy favoring arbitration. *Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 56 (Tex.2008). Accordingly, under Rule 59.1 of the Texas Rules of Appellate Procedure,

without hearing oral argument, we reverse the court of appeals' judgment and remand to that court to allow it to consider the appeal's merits.