

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00073-CV

**ST. MARY'S HALL, INC.**,
Appellant

v.

Gabriella **GARCIA**,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2020-CI-11569
Honorable Rosie Alvarado, Judge Presiding

Opinion by:     Rebeca C. Martinez, Chief Justice

Sitting:     Rebeca C. Martinez, Chief Justice
     Patricia O. Alvarez, Justice
     Beth Watkins, Justice

Delivered and Filed: March 16, 2022

REVERSED AND REMANDED

St. Mary's Hall, Inc. ("SMH") seeks relief from the trial court's order denying its motion to compel arbitration. Because the trial court erred by denying SMH's motion to compel arbitration, we reverse and remand.

### BACKGROUND

In September 2018, Gabriella Garcia, a minor and student in her senior year, sustained injuries while rehearsing a performance for a school play at SMH. Gabriella filed suit against

SMH in September 2020.[1]  In her live petition, Gabriella alleged that at rehearsal, she struck her head on a metal bar that had been placed at the entryway of the stage.  She asserted causes of action for negligence, negligence per se, gross negligence, and premises liability, contending that SMH failed to use ordinary care by various acts and omissions relating to their theater, which was a proximate cause of the incident and Gabriella's injuries.

SMH moved to compel arbitration and to abate the case pending arbitration based on an enrollment agreement ("the Agreement") signed by Raul Garcia, Gabriella's father, upon her 2018 enrollment.  The Agreement included an arbitration provision entitled "Consent to Binding Arbitration," as follows:

> The School, Parents and Students agree that any dispute, controversy, or claim arising out of or related to the Student's enrollment, attendance, education, or discipline, or any other aspect of the Student's or Parent's relationship with the School, shall be determined solely by arbitration in accordance with the Federal Arbitration Act and the arbitration rules of the American Arbitration Association (AAA), and as set forth in the written arbitration procedures of the School, which are incorporated into this agreement by reference as if fully set forth and are available for review.

The Agreement, signed only by Gabriella's father, noted above his signature that "Parents agree to and hereby bind the Student and themselves to all terms and conditions of those documents and this agreement."  SMH attached to its motion to compel SMH's written arbitration procedures, which provide:

> Any dispute, controversy, or claim arising out of or related to the Enrollment Agreement, the enrollment, attendance, education, or discipline of the student at Saint Mary's Hall, the student's presence or residence on or at premises or property owned, leased, rented, possessed or otherwise controlled by Saint Mary's Hall, or the student's attendance or participation in any school trips or functions authorized and sponsored by Saint Mary's Hall, or any other aspect of the student's relationship with Saint Mary's Hall, shall be determined by arbitration in accordance with the Arbitration Rules of the American Arbitration Association ("AAA").

---

[1] Gabriella's mother, Kim Ross, was also a plaintiff in the case but filed her notice of non-suit and is not a party to this appeal.

SMH appeals the trial court's order denying the motion to compel arbitration.

### STANDARD OF REVIEW

We review a trial court's denial of a motion to compel arbitration for an abuse of discretion. *Ewing Constr. Co. v. Benavides Indep. Sch. Dist.*, No. 04-19-00797-CV, 2020 WL 1277756, at \*1 (Tex. App.—San Antonio Mar. 18, 2020, pet. denied) (mem. op.). The trial court's interpretation of the arbitration clause, however, is a legal question subject to *de novo* review. *See J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003); *see also Henry v. Gonzalez*, 18 S.W.3d 684, 689–90 (Tex. App.—San Antonio 2000, pet. dism'd by agr.).

### MOTION TO COMPEL ARBITRATION

In its first issue, SMH contends Gabriella's claims fall within the scope of a valid and enforceable arbitration agreement binding on Gabriella as a non-signatory.

A party seeking to compel arbitration must establish: (1) the existence of a valid, enforceable arbitration agreement and (2) that the claims at issue fall within that agreement's scope. *Bonsmara Nat. Beef Co. v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 397 (Tex. 2020). If the movant establishes that an arbitration agreement governs the dispute, then the burden shifts to the party opposing arbitration to establish an affirmative defense to the arbitration agreement. *Ellis v. Schlimmer*, 337 S.W.3d 860, 862 (Tex. 2011) (per curiam).

Because state and federal policies favor arbitration, a presumption exists favoring agreements to arbitrate, and courts must resolve any doubts about an arbitration agreement's scope in favor of arbitration. *See id.* A court has no discretion but to compel arbitration and stay its own proceedings when a claim falls within the scope of a valid arbitration agreement and there are no defenses to its enforcement. *Richmont Holdings, Inc. v. Superior Recharge Sys., L.L.C.*, 392 S.W.3d 633, 635 (Tex. 2013) (per curiam).

### A. *Whether the Agreement is Binding as to Gabriella, a Non-Signatory*

A party will not be forced to arbitrate absent a binding agreement to do so. *San Antonio River Auth. v. Austin Bridge & Rd., L.P.*, 601 S.W.3d 616, 620 (Tex. 2020). Here, it is undisputed that a valid arbitration agreement exists between SMH and Gabriella's father.[2] To determine whether a valid arbitration agreement exists between SMH and Gabriella, we conduct a de novo review and apply "ordinary principles of state contract law[.]" *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 738 (Tex. 2005) (orig. proceeding); *see Jody James Farms, JV v. Altman Grp., Inc.*, 547 S.W.3d 624, 633 (Tex. 2018). "Who is bound by an arbitration agreement is normally a function of the parties' intent, as expressed in the agreement's terms." *Jody James Farms, JV*, 547 S.W.3d at 633.

Non-signatories to an arbitration agreement may be bound when rules of law or equity would bind them to the contract generally. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 644 (Tex. 2009) (orig. proceeding). Courts have articulated six scenarios in which arbitration with non-signatories may be required: (1) incorporation by reference, (2) assumption, (3) agency, (4) alter ego, (5) equitable estoppel, and (6) third-party beneficiary. *Jody James Farms, JV*, 547 S.W.3d at 633.

Like other contracts, arbitration agreements may be enforced against third-party beneficiaries if the parties to the contract intended to secure a benefit to that third party and the parties entered the contract directly for the third party's benefit. *In re Palm Harbor Homes, Inc.*, 195 S.W.3d 672, 677 (Tex. 2006) (orig. proceeding). The benefit must be more than incidental, and the contracting parties' intent to confer a direct benefit to a third party must be clearly and fully spelled out. *Jody James Farms, JV*, 547 S.W.3d at 635. "[G]eneral beneficence does not

---

[2] In the trial court, Gabriella argued that the arbitration agreement was illusory and unconscionable. However, she does not argue this on appeal and we therefore do not consider these arguments.

create third-party rights." *S. Tex. Water Auth. v. Lomas*, 223 S.W.3d 304, 306–07 (Tex. 2007) (per curiam). Whether "the third party intended or expected to benefit from the contract" is irrelevant, because "only the 'intention of the contracting parties in this respect is of controlling importance.'" *First Bank v. Brumitt*, 519 S.W.3d 95, 102 (Tex. 2017). As a matter of interpretation, "a mere description" of the contract's intended use cannot—on its own—confer third-party beneficiary status. *Jody James Farms, JV*, 547 S.W.3d at 635. Further, a "court will not create a third-party beneficiary contract by implication." *MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 651 (Tex. 1999).

Here, SMH argues that Gabriella, a non-signatory, is bound to arbitrate her claims under a third-party beneficiary theory. We hold that SMH met its burden to establish that Gabriella is a third-party beneficiary. *See SCI Tex. Funeral Servs., L.L.C. v. Montoya*, 2020 WL 5582367, at *5 (binding minor children to arbitration clause signed by their mother because although children did not sign the contract, they were third-party beneficiaries).

SMH presented the "2018-2019 Re-Enrollment Contract" signed by Gabriella's father, which specifically references Gabriella as the "Student" and states "[t]he Parents and the Student" agree to the terms in the Agreement. The Agreement also provides that "[t]he School hereby agrees to enroll the above-named student (the "Student") in the grade and during the school year specified above." SMH's commitment, Gabriella's father's agreement to enroll Gabriella, and Gabriella's subsequent enrollment evidence Gabriella as a direct beneficiary under the Agreement. This benefit was neither indirect nor incidental. *See id.* (five non-signatory children were direct beneficiaries under a contract, signed by mother, that expressly identified them).[3]

---

[3] Gabriella argues she, as a minor, cannot be bound to the Agreement, citing *In re SSP Partners*, 241 S.W.3d 162, 171 (Tex. App.—Corpus Christi—Edinburg 2007, orig. proceeding [mand. denied]) (children not third-party beneficiaries of employment contract). However, *In re SSP* does not stand for the broad proposition that children cannot be third-party beneficiaries. *Id.*

### B. *Whether Gabriella's Claims Fall Within Scope of the Agreement*

Once an agreement is established, "a court should not deny arbitration '*unless it can be said with positive assurance* that an arbitration clause is *not* susceptible of an interpretation which would cover the dispute at issue.'" *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 899 (Tex. 1995) (orig. proceeding) (per curiam) (quoting *Neal v. Hardee's Food Sys., Inc.*, 918 F.2d 34, 37 (5th Cir. 1990)). To determine whether a claim falls within the scope of an agreement to arbitrate, courts must focus on the factual allegations of the pleadings rather than the legal causes of actions asserted. *Id.* at 900. Claims must be submitted to arbitration if "liability arises solely from the contract or must be determined by reference to it." *In re Weekley Homes, L.P.*, 180 S.W.3d 127, 132 (Tex. 2005) (orig. proceeding). If the facts alleged touch matters, have a significant relationship to, are inextricably enmeshed with, or are factually intertwined with the contract containing the arbitration agreement, then the claim is arbitrable. *Amateur Athletic Union of the U.S., Inc. v. Bray*, 499 S.W.3d 96, 105 (Tex. App.—San Antonio 2016, no pet.). In contrast, a "claim is not subject to arbitration only if the facts alleged in support of the claim are completely independent of the contract and the claim could be maintained without reference to the contract." *Glassell Producing Co. v. Jared Res., Ltd.*, 422 S.W.3d 68, 77 (Tex. App.—Texarkana 2014, no pet.). Arbitrability depends on the substance of the claim, not artful pleading. *In re Kaplan Higher Educ. Corp.*, 235 S.W.3d 206, 208–09 (Tex. 2007) (orig. proceeding) (per curiam). "A party may not avoid broad language in an arbitration clause by attempting to cast complaints in tort rather than contract." *Merrill Lynch, Pierce, Fenner & Smith v. Eddings*, 838 S.W.2d 874, 880 (Tex. App.—Waco 1992, writ denied).

We hold that Gabriella's claims as alleged fall within the Agreement's scope. Gabriella's factual allegations arise out of or are related to her enrollment, attendance, education, and other aspects of her relationship with SMH. Her allegations also fall within the scope of her "presence

or residence on or at premises or property owned, leased, rented, possessed or otherwise controlled by [SMH], or the student's attendance or participation in any school trips or functions authorized and sponsored by [SMH], or any other aspect of the student's relationship with [SMH]." The Agreement contains a broadly written arbitration clause, and the allegations touch matters, have a significant relationship with, or are inextricably enmeshed or factually intertwined with the Agreement. *See SCI Tex. Funeral Servs., L.L.C.*, 2020 WL 5582367, at *10 (appellees' factual allegations in pleadings fell within broadly written arbitration clause which mandated arbitration for "any claim purchaser may have against the seller," even though appellees claims legally arose from common law tort duties rather than from the contract between the parties). We cannot say with positive assurance that the arbitration agreement is not susceptible to an interpretation that would cover Gabriella's claims. *See id.*

Based on the foregoing, we conclude that the trial court abused its discretion by denying SMH's motion to compel arbitration and, consequently, its motion to abate.[4]

### CONCLUSION

We hold that the trial court abused its discretion in denying SMH's motion to compel arbitration. Therefore, we reverse the trial court's order denying SMH's motion to compel arbitration and plea in abatement, and we remand the case with instructions that the trial court proceedings be stayed and that the parties be compelled to arbitrate.

Rebeca C. Martinez, Chief Justice

---

[4] Having determined that the trial court erred in denying SMH's motion to compel arbitration, the trial court must compel arbitration and stay any further proceedings in the trial court. *See In re Hous. Progressive Radiology Assocs., PLLC*, 474 S.W.3d 435, 451 (Tex. App.—Houston [1st Dist.] 2015, no pet.)