**Opinion issued October 20, 2022.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00199-CV

———————————

### IN RE BAKER HUGHES, A GE COMPANY, Relator

---

**Original Proceeding on Petition for Writ of Mandamus**

---

### MEMORANDUM OPINION

This proceeding arises from a suit Christopher Schneider filed against his employer, Baker Hughes. Baker Hughes filed this petition for writ of mandamus challenging the trial court's order denying its motion to compel arbitration. We conditionally grant Baker Hughes's petition for a writ of mandamus and direct the trial court to promptly issue an order compelling arbitration of Schneider's claims.

## Background

Christopher Schneider sued Baker Hughes for employment discrimination. Baker Hughes moved to compel arbitration, relying on an agreement with Schneider. The trial court denied Baker Hughes's motion in September 2020. The trial court had no counsel of record listed for Baker Hughes, so Baker Hughes did not receive notice of the denial. Baker Hughes learned of the denial on February 1, 2021. Baker Hughes filed a notice of appearance and a motion for entry of final order denying its motion to compel arbitration two days later. Schneider opposed Baker Hughes's motion. A week later, Baker Hughes filed a sworn motion and notice of entry of final order along with an affidavit from Baker Hughes's counsel. The trial court denied that motion.

The next month, Baker Hughes petitioned for mandamus seeking an order requiring the trial court to reenter its order denying its motion to compel arbitration so that Baker Hughes could appeal that denial.[1] This Court denied that petition. Baker Hughes timely moved for rehearing, which we deny by separate order. While the motion for rehearing was pending, Baker Hughes filed this new petition for writ of mandamus requesting that the trial court be directed to enter an order granting the motion to compel arbitration.

---

[1] The petition was assigned to the Court of Appeals for the First District of Texas under the case number 01-21-00137-CV.

## Discussion

In one issue, Baker Hughes contends that the trial court abused its discretion by denying its motion to compel arbitration after Baker Hughes made a prima facie showing that Schneider's claims fall within the scope of a valid arbitration agreement. Schneider argues that (1) Baker Hughes's petition is barred by laches; and (2) Baker Hughes fails to address the argument that it "opted out" of the agreement and waived or abandoned its right to arbitrate.

## A. Standard of Review

Mandamus is an extraordinary remedy. *In re Academy, Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding). On mandamus, we review a denial of a motion to compel arbitration for a clear abuse of discretion. *In re Whataburger Rests. LLC*, 645 S.W.3d 188, 194 (Tex. 2022) (orig. proceeding). "A trial court that refuses to compel arbitration under a valid and enforceable arbitration agreement has clearly abused its discretion." *In re 24R, Inc.*, 324 S.W.3d 564, 566 (Tex. 2010) (orig. proceeding) (quoting *In re Odyssey Healthcare, Inc.*, 310 S.W.3d 419, 422 (Tex. 2010) (orig. proceeding)). A relator must also show that it lacks an adequate remedy by appeal. *In re Allstate Indem. Co.*, 622 S.W.3d 870, 875 (Tex. 2021) (orig. proceeding) (citing *In re Prudential*, 148 S.W.3d 124, 135–36 (Tex. 2004)).

A trial court abuses its discretion when its decision is arbitrary, unreasonable, and without reference to guiding principles. *Id.* We defer to a trial court's factual

determinations supported by evidence, but we review its legal determinations de novo. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding). An error of law or an erroneous application of the law to the facts is a clear abuse of discretion. *See In re Geomet Recycling LLC*, 578 S.W.3d 82, 91–92 (Tex. 2019) (orig. proceeding).

Whether an appellate remedy is "adequate" has no specific definition: "the term is 'a proxy for the careful balance of jurisprudential considerations' [that implicate both public and private interests,] and its meaning 'depends heavily on the circumstances presented.'" *In re Allstate Indem. Co.*, 622 S.W.3d at 883 (quoting *In re Prudential*, 148 S.W.3d at 136). An appellate remedy is adequate when any benefits to mandamus review are outweighed by the detriments. *In re Prudential*, 148 S.W.3d at 136. But even when the benefits of mandamus review outweigh the detriments, we must consider whether the appellate remedy is still adequate. *Id.* In evaluating the benefits and detriments, we consider whether mandamus will protect important substantive and procedural rights. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding).

## B. Analysis

### 1. Mandamus Review and Laches

To obtain relief, Baker Hughes must show that it lacks an adequate remedy by appeal. *In re Allstate Indem. Co.*, 622 S.W.3d at 875. The statutory right to appeal

an interlocutory order refusing to compel arbitration is ordinarily adequate. *See* TEX. CIV. PRAC. & REM. CODE § 51.016 (allowing appeals under the same circumstances that 9 U.S.C. § 16 would permit an appeal from a federal district court's order); 9 U.S.C. § 16(a)(1)(C) ("An appeal may be taken from . . . an order . . . denying an application . . . to compel arbitration . . . ."). But Baker Hughes was deprived of that right when the trial court failed to give Baker Hughes notice of the denial of its motion to compel arbitration. "An appeal cannot be adequate when the court prevents a party from taking it." *In re Whataburger*, 645 S.W.3d at 193.

The trial court failed to give the required notice to Baker Hughes when the trial court denied its motion to compel arbitration. *See id.* at 194. But Schneider argues that Baker Hughes was not diligent in protecting its rights because it should have immediately sought review of the order denying its motion to compel arbitration like the petitioner in *Whataburger*; instead, Baker Hughes delayed seeking relief by pursuing mandamus to order the entry of a new order so that it could appeal.

While Baker Hughes did seek a different form of relief in its 2021 petition for writ of mandamus, there was not an established procedure for Baker Hughes to follow then, other than a direct appeal after judgment. *See id.* at 190–91 ("a party who does not receive notice of the order in time to appeal because of the trial court clerk's error may seek review by mandamus."); *see also In re Santander Consumer*

5

*USA, Inc.*, 445 S.W.3d 216, 220 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (discussing Civil Practice and Remedies Code section 51.016 and noting that a party may assert complaint after final judgment even without an interlocutory appeal). Moreover, Baker Hughes timely moved for rehearing after this Court denied its petition in *In re Baker Hughes*, No. 01-21-00137-CV, 2022 WL 551154, at *1 (Tex. App.—Houston [1st Dist.] Feb. 24, 2022) (mem. op.). It also filed this petition while *Whataburger* was pending before the Texas Supreme Court.

We reject Schneider's laches argument. Considering the procedure established in *Whataburger*, Baker Hughes has shown that it diligently pursued its rights and is entitled to mandamus review. *In re Whataburger*, 645 S.W.3d at 190–91; *cf. Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367–68 (Tex. 1993) (orig. proceeding) (party slept on its rights when there was no justification for the delay in pursuing non-jury trial).

## 2. Opt Out, Waiver, and Abandonment of the Agreement

A party seeking to compel arbitration must establish that (1) a valid arbitration agreement exists and (2) the claims raised fall within the agreement's scope. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). To determine whether an arbitration agreement covers a party's claims, the court focuses on the factual allegations in the petition rather than the causes of action. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 754 (Tex. 2001) (orig. proceeding). Any

doubts about the scope of the agreement must be resolved in favor of arbitration. *In re Bank One, N.A.*, 216 S.W.3d 825, 826 (Tex. 2007) (orig. proceeding); s*ee also Ellis v. Schlimmer*, 337 S.W.3d 860, 862 (Tex. 2011) ("courts should resolve any doubts as to agreement's scope, waiver, and other issues unrelated to its validity in favor of arbitration.").

If one party resists arbitration, the trial court normally decides gateway issues, such as scope and enforceability. *Robinson v. Home Owners Mgmt. Enters., Inc.*, 590 S.W.3d 518, 531 (Tex. 2019). But arbitration is a matter of contract, so parties may alter these presumptions by agreement. *Id.* When the contract delegates the arbitrability question to an arbitrator, a court may not override the contract. *Id.* It has no power to decide the issue. *Id.*

The parties do not dispute that they signed a valid arbitration agreement or that the suit fell within the scope of the agreement. At the trial court, Schneider argued that Baker Hughes had opted out of the agreement based on the terms of the agreement's "Solutions Procedure," and that Baker Hughes had waived or abandoned its right to arbitration under the agreement. Baker Hughes denies that it did so.

Along with prescribing the internal dispute resolution procedure, the contract between Baker Hughes and Schneider delegated questions of applicability and enforceability to the arbitrator:

The Arbitrator, and not any court or agency, shall have exclusive authority to resolve any dispute relating to the applicability, interpretation, formation or enforceability of this Agreement including, but not limited to, any claim that the entirety or any part of this agreement is voidable or void, except as provided in Section II.K.[2]

We need not decide whether Schneider's claim was rejected or not. Schneider's argument here is best characterized as a challenge to the enforceability of the agreement. *See Will–Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 218 (5th Cir. 2003). This agreement delegates the enforceability question to the arbitrator. *See Henry Schein, Inc. v. Archer & White Sales, Inc.*, — U.S. —, 139 S. Ct. 524, 527, 531 (2019) (noting that "courts must enforce arbitration contracts according to their terms"); *Berry Y&V Fabricators, LLC v. Bambace*, 604 S.W.3d 482, 486–87 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (challenge to enforceability on public policy grounds was delegated to the arbitrator; collecting cases).

Mandamus relief is available to correct the trial court's denial of Baker Hughes's motion to compel arbitration. *In re Whataburger*, 645 S.W.3d at 190–91. Because the parties do not dispute that there is a valid arbitration agreement or that the suit falls within the scope of the agreement, and instead only dispute the

---

[2] Section II.K applies to provisional remedies and class actions neither of which are relevant to the claims here.

agreement's enforceability, a question the agreement delegates to the arbitrator, the trial court abused its discretion by refusing to compel arbitration.

## Conclusion

We conditionally grant Baker Hughes's petition for a writ of mandamus and direct the trial court to promptly issue an order compelling arbitration of Schneider's claims. The writ will issue only if the trial court fails to do so.

Sarah Beth Landau
Justice

Panel consists of Chief Justice Radack and Justices Landau and Hightower.

9