**Affirmed in Part, Reversed in Part, and Remanded; and Memorandum Opinion filed June 1, 2023**



In The

# Fourteenth Court of Appeals

### NO. 14-22-00289-CV

### GERALD HOFFMAN, Appellant

### V.

### BAKER HUGHES COMPANY, Appellee

**On Appeal from the 165th District Court
Harris County, Texas
Trial Court Cause No. 2020-46142**

### MEMORANDUM OPINION

Appellant Gerald Hoffman argues that the trial court erred in dismissing his claims against appellee Baker Hughes Company. In three issues he contends the trial court erred in compelling arbitration and dismissing the case with prejudice. We affirm the portion of the trial court's order compelling arbitration and reverse and remand the portion of the trial court's order dismissing the cause with prejudice for further proceedings.

# I.     ARBITRATION AGREEMENT

In his first issue appellant argues that the trial court erred in compelling arbitration because there is no applicable arbitration agreement under the express terms of the contract between the parties.  In his second issue appellant argues that because his claim is not a "Covered Claim" as defined in the contract and as admitted by appellee, the trial court erred in compelling arbitration.  We address these two related issues together.

In general, a party seeking to compel arbitration must establish (1) there is a valid arbitration agreement, and (2) the claims raised fall within that agreement's scope.  *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737–38 (Tex. 2005).  Doubts regarding the agreement's scope are resolved in favor of arbitration because there is a presumption favoring arbitration.  *Id*.  This presumption arises only after the party seeking to compel arbitration proves a valid arbitration agreement exists.  *Id*.

"[C]ourts should resolve any doubts as to the agreement's scope, waiver, and other issues unrelated to its validity in favor of arbitration."  *Ellis v. Schlimmer*, 337 S.W.3d 860, 862 (Tex. 2011).  "[T]o ensure parties are not forced to arbitrate matters without their agreement, a substantive question of arbitrability—i.e., whether the parties have actually agreed to submit a particular dispute to arbitration—'is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise.'"  *Robinson v. Home Owners Mgmt. Enters., Inc.*, 590 S.W.3d 518, 525 (Tex. 2019) (quoting *Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 83–83 (2002)).  The phrase "question of arbitrability" is limited to (1) whether the parties have a valid arbitration agreement and (2) whether the arbitration clause in a concededly binding contract applies to a particular type of controversy.  *Id*.  "The presumption that courts will decide gateway issues and

arbitrators will decide subsidiary issues are interpretive constructs based on assumptions about the parties' expectations." *Id*. at 531–32. However, because arbitration is a matter of contract, parties are generally free to alter these presumptions by agreement. *Id*. at 532. We may not decide the arbitrability issue when the contract delegates this question to an arbitrator. *Id*. There must be clear and unmistakable evidence of this delegation. *Id*.

Appellee is appellant's former employer. A dispute arose between the parties regarding a breathalyzer test that was conducted on appellant at a job site and appellee's decision to terminate appellant because of the breathalyzer test. Appellant sought to appeal his termination and sought such review pursuant to appellee's "Solutions Procedure." It is undisputed that appellant agreed to the Solutions Procedure during his employment. It is also undisputed that the Solutions Procedure contains an arbitration agreement to arbitrate certain "Covered Claims" as that term is defined in the Solutions Procedure.[1]

Appellant contends that his claim is not a Covered Claim and, thus, not within the scope of the arbitration agreement. Usually such a question would be addressed by the court. *See Robinson*, 590 S.W.3d at 531–32. However, in this case the Solutions Procedure provides:

> The Arbitrator, and not any court or agency, shall have exclusive authority to resolve any dispute relating to the applicability, interpretation, formation or enforceability of this Agreement including, but not limited to, any claim that the entirety or any part of the agreement is voidable or void, except as provided in Section II.K.[2]

---

[1] The Solutions Procedure contains a four-step process for Covered Claims, the last step is binding arbitration.

[2] Section II.K is inapplicable.

3

Our sister court has recently held that this precise agreement "delegates the enforceability question to the arbitrator." *See In re Hughes*, No. 01-22-00199-CV, 2022 WL 11413123, at *3 (Tex. App.—Houston [1st Dist.] Oct. 20, 2022, no pet.) (mem. op.). We agree that this clause reserves the question of whether a claim is within the scope of the Solutions Procedure or whether a party has waived their right to proceed under the Solutions Procedure as a matter to be determined by an arbitrator. *See TotalEnergies E&P USA, Inc. v. MP Gulf of Mex., LLC*, No. 21-0028, 2023 WL 2939648, at *18 (Tex. Apr. 14, 2023) ("If the parties have contractually agreed to delegate arbitrability disputes to the arbitrator, courts must enforce that agreement just as they must enforce an agreement to delegate resolution of the underlying merits to the arbitrator.").

Here, appellant argues that his claim is not a Covered Claim and therefore outside of the provisions of the Solutions Procedure and arbitration provision. However, "the fact that the parties' arbitration agreement may cover only some disputes while carving out others does not affect the fact that the delegation agreement clearly and unmistakably requires the arbitrator to decide whether the present disputes must be resolved through arbitration." *Id.*

Thus, due to the broad nature of the delegation clause, the parties reserved to the arbitrator the issue of whether the arbitration provision applies here. We overrule appellant's first and second issues.

## II. DISMISSAL OF PROCEEDINGS

Appellant next argues that the trial court erred in dismissing his cause with prejudice after compelling to arbitration. We agree.

Courts may review an order compelling arbitration if the order also dismisses the underlying litigation so it is final rather than interlocutory. *Perry*

4

*Homes v. Cull*, 258 S.W.3d 580, 586 n.13 (Tex. 2008). However, the Texas Arbitration Act states that "[a]n order compelling arbitration *must* include a stay" of the underlying litigation. Tex. Civ. Prac. & Rem. Code § 171.021(c) (emphasis added). This is because during an arbitration, a court order may be needed to accomplish necessary objectives in the arbitration. *See generally id*. § 171.041(b) (replace arbitrator), § 171.086(b) (compel witness attendance), § 171.044(c) (direct arbitrators to proceed promptly). After arbitration, a court order may be necessary to confirm, modify, or vacate an award. *Id*. §§ 171.087–.092. Therefore, "dismissal would usually be inappropriate because the trial court cannot dispose of all claims and all parties until arbitration is completed." *In re Gulf Expl., LLC*, 289 S.W.3d 836, 841 (Tex. 2009).

Appellee argues that under federal court precedent, dismissal is appropriate when all claims are submitted to arbitration under federal procedure. Here, because the proceedings were brought in state court and not removed to federal court, the Texas Rules of Civil Procedure and the Texas Arbitration Act (TAA) apply to any procedural issues. *See Nafta Traders, Inc v. Quinn*, 339 S.W.3d 84, 99–100 (Tex. 2011) ("Supreme Court concluded that the FAA's purposes and objectives are not defeated by conducting arbitration under state-law procedures different from those provided by federal statute."); *see also Senter Investments, LLC v. Veerje*, 358 S.W.3d 841, 844 n.5 (Tex. App.—Dallas 2012, no pet.).

The TAA clearly mandates a stay of the litigation pending arbitration. Tex. Civ. Prac. & Rem. Code §§ 171.021(c), 171.025(a); *see also In re H&R Block Fin. Advisors*, 262 S.W.3d 896, 903 ("[T]he trial court judge was required, at a minimum, to stay the proceedings and order those claims to arbitration."). We reverse the portion of the trial court's order dismissing the cause with prejudice and remand the case for further proceedings consistent with this opinion.

5

We sustain appellant's third issue.

## III. CONCLUSION

Having overruled appellant's first and second issues and sustained appellant's third issue, we affirm the trial court's order compelling arbitration, reverse the trial court's order dismissing the cause with prejudice, and remand to the trial court for further proceedings consistent with this opinion.

/s/     Ken Wise
        Justice

Panel consists of Justices Wise, Jewell, and Poissant.