

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00018-CV

NANCY HARRIS HOLLINGSWORTH AND
STEVEN HARRIS, AS TRUSTEES
OF THE RC/B SURVIVOR'S TRUST AND
THE BYPASS TRUST,

Appellants

 v.

APRIL SWALES, WESLEY HARRIS, AND
JAMIE COCHRAN,

Appellees

From the County Court at Law No. 1
Ellis County, Texas
Trial Court No. 21-E-2105-22CV1

## O P I N I O N

The fundamental question addressed in this appeal is whether an arbitration provision in a will can be enforced to require disputes to be submitted to binding arbitration. Applying the same analysis that the Supreme Court of Texas has applied in other situations, we hold there is no reason an arbitration provision in a will should not be enforceable.

Nancy Harris Hollingsworth and Steven Harris, as Trustees of the RC/B Survivor's Trust and the Bypass Trust (Children) moved to compel arbitration of claims made by April Swales, Wesley Harris, and Jamie Cochran (Grandchildren) regarding the interpretation of Richard C. Harris's (R.C.) Will. Because the trial court abused its discretion in denying the Children's motion to compel arbitration, the trial court's order denying arbitration is reversed, and this case is remanded for further proceedings.

## BACKGROUND

In December of 2011, R.C. and his wife, Barbara, created the RC/B Trust (the "RCB Trust"). The RCB Trust agreement contained a Testamentary General Power of Appointment in favor of the second to die (the "power of Appointment"). Barbara died in January of 2012. Following her death, the RCB Trust was split into two separate trusts: the RC/B Survivor's Trust (the "Survivor's Trust") and the RC/B Bypass Trust (the "Bypass Trust").

R.C. subsequently executed a Last Will and Testament on December 13, 2017, and a Codicil thereto on February 18, 2020 (collectively, the "Will"). The Will contained provisions exercising the Power of Appointment and also contained an arbitration provision. R.C. died in March of 2021. On April 12, 2021, R.C.'s Will was admitted into probate by the County Court at Law No. 1 of Ellis County, Texas.

The Children filed suit in the District Court in Ellis County seeking a declaration construing the Will. The Grandchildren moved to transfer the suit to the Ellis County Court at Law No. 1, which exercises probate jurisdiction. The District Court and the County Court at Law No. 1 agreed with the Grandchildren's jurisdictional argument and

the case was transferred to County Court at Law No. 1. The Grandchildren subsequently filed an action specifically seeking a declaration that the Will only partially exercised the general power of appointment concerning the Survivor's Trust.

The Children moved to compel arbitration pursuant to the Will which provided:

> **11.14. Arbitration.** Despite any other provision of this instrument or in my overall estate plan, arbitration as provided herein shall be the sole and exclusive remedy for the resolution of any dispute of any kind involving this Will (including any trust established hereunder), including any kind of action brought against the Executor or Trustee for any matter, including a breach of fiduciary duty, and even if a claim is brought in good faith and with just cause. No legal proceeding shall be allowed or given effect, except as it may relate to enforcing or implementing this provision.
>
> I intend that this binding arbitration provision be applied equitably to any party that seeks to resolve a dispute. As such, this provision is not meant to be unconscionable, and therefore I do not want it to be attacked in court as such as a means of escaping arbitration.
>
> > **A. Parties.** This arbitration provision shall extend to and be binding upon me, the Executor(s), Trustee(s), and all of my beneficiaries (including my children and other descendants) and their respective heirs, executors, administrators, legal representatives, and successors.
> >
> > **B. Acceptance Of Benefits.** By accepting any benefit under this instrument or by attempting to enforce any right created by this instrument, a beneficiary agrees to be bound by this arbitration provision himself or herself and for those minor, unborn, or unascertained beneficiaries or parties who derive their interests in a trust established by this instrument from and through that beneficiary.

After a hearing, the trial court denied the Children's motion to compel arbitration.

In one issue on appeal, the Children contend the trial court erred in denying their motion to compel arbitration of the Grandchildren's claims to interpret the terms of the Will.

**STANDARD OF REVIEW**

A party seeking to compel arbitration must establish the existence of a valid arbitration agreement and the existence of a dispute within the scope of the agreement. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018); *Rachal v. Reitz*, 403 S.W.3d 840, 843 (Tex. 2013). According to the Texas Arbitration Act (TTA), which the parties agree would apply to this arbitration provision, if at all, a "written agreement to arbitrate" is valid and enforceable if it provides for arbitration of either an existing controversy or one that arises "between the parties after the date of the agreement." TEX. CIV. PRAC. & REM. CODE ANN. § 171.001(a). A "party may revoke the agreement only on a ground that exists at law or in equity for the revocation of a contract." *Id.* § 171.001(b).

We review a trial court's order denying a motion to compel arbitration for abuse of discretion. *Henry*, 551 S.W.3d at 115; *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 642-43 (Tex. 2009) (orig. proceeding). We defer to the trial court's factual determinations if they are supported by evidence but review its legal determinations *de novo*. *Henry*, 551 S.W.3d at 115; *Rachal*, 403 S.W.3d at 843. Whether an arbitration agreement is enforceable is a legal determination reviewed *de novo*. *Rachal*, 403 S.W.3d at 843; *see also Henry*, 551 S.W.3d at 115.

**VALID/ENFORCEABLE ARBITRATION AGREEMENT?**

The Texas Supreme Court has determined that although an agreement under the TAA need not meet all the formal requirements of a contract, it must be supported by mutual assent. *Rachal*, 403 S.W.3d at 845. Thus, we first address whether the Will here was supported by the mutual assent required to render it an agreement and the

Hollingsworth v. Swales, et al. Page 4

arbitration provision valid. Usually, a party manifests its assent by signing an agreement. *Rachal*, 403 S.W.3d at 845; *Mid-Continent Cas. Co. v. Global Enercom Mgmt., Inc.*, 323 S.W.3d 151, 157 (Tex. 2010) (per curiam). However, a Will is a unilateral instrument, *Stewart v. Selder*, 473 S.W.2d 3, 7 (Tex. 1971), and, as such, it becomes enforceable when the promisee, in this case a beneficiary, accepts by actual performance. *See Campbellton Rd., Ltd. v. City of San Antonio*, 688 S.W.3d 105, 115 n.46 (Tex. 2024). The requirement of mutuality is met by performance. *See id*. Thus, the instrument does not become binding until the promisee has performed, or at least partly performed, under the agreement. *See id*.

It is undisputed that the Grandchildren have already taken benefits under the Will. Thus, they have performed under the Will, and mutuality of the arbitration agreement under the Will has been met. Consequently, the arbitration agreement is valid.[1]

### DISPUTE WITHIN SCOPE OF THE ARBITRATION AGREEMENT?

When determining whether claims fall within the scope of the arbitration agreement, we look to the factual allegations, not the legal claims. *Rachal*, 403 S.W.3d at

---

[1] The Supreme Court of Texas has consistently applied this concept to non-signatories in a number of fact patterns. *See Taylor Morrison of Tex., Inc. v. Ha*, 660 S.W.3d 529 (Tex. 2023) (per curiam) (in construction defect suit, entire family required to arbitrate even though father was only one who signed the purchase agreement; non-signatory spouse and minor children accepted direct benefits under purchase agreement such that they could be compelled to arbitrate); *In re Weekley Homes, L.P.*, 180 S.W.3d 127 (Tex. 2005) (orig. proceeding) (non-signatory daughter could not equitably object to the arbitration clause attached to the contract signed by father, where daughter obtained substantial actions from the company by demanding compliance with provisions of the contract.); *In re Halliburton Co.*, 80 S.W.3d 566 (Tex. 2002) (orig. proceeding) (at-will employee bound to new arbitration program where employee received notice of new program which informed employee that continuing employment would constitute acceptance of the new program, and employee continued his employment); *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 755 (Tex. 2001) (orig. proceeding) (by suing based on parents' installment contract, daughter and family subjected themselves to the contract's terms which included an arbitration addendum).

850; *In re FirstMerit Bank, N.A.*, 52 S.W.3d at 754. Once a valid arbitration agreement is established, a strong presumption favoring arbitration arises, and the burden shifts to the party opposing arbitration to raise an affirmative defense to the agreement's enforcement. *Rachal*, 403 S.W.3d at 850; *Ellis v. Schlimmer*, 337 S.W.3d 860, 862 (Tex. 2011) (per curiam). We resolve doubts as to the agreement's scope and other issues unrelated to validity in favor of arbitration. *Ellis*, 337 S.W.3d at 862.

The Grandchildren claimed in a cross-petition for declaratory judgment that pursuant to the Will, R.C. only partially exercised his general power of appointment over the Survivor's Trust's assets and thus, the Grandchildren should receive 1/3 of the trust's assets. The Children generally denied this claim. The Grandchildren agreed in their response to the motion to compel arbitration that their suit requires the court to construe the Will.

As stated previously, the arbitration provision in the Will provides:

> …arbitration as provided herein shall be the sole and exclusive remedy for the resolution of any dispute of any kind involving this Will (including any trust established hereunder), including any kind of action brought against the Executor or Trustee for any matter…

It is clear from this provision that the Grandchildren's suit to construe the Will brought against the Children as trustees comprises "a dispute of any kind involving this Will" and that this suit is an action brought against a "Trustee for any matter." Thus, the suit is within the scope of the arbitration agreement.[2]

---

[2] The Grandchildren contend their suit is not within the scope of the arbitration agreement because they are not suing as beneficiaries under the Will but as derivative trustees, standing in the shoes of the Children. This is of no consequence. The arbitration provision in the Will expressly extends to "Trustee(s)." Any

The Grandchildren also contend the arbitration agreement cannot be enforced because the probate court has exclusive jurisdiction of this probate dispute. They rely on Estates Code section 32.001 which provides that "[a]ll probate proceedings must be filed and *heard* in a court exercising original probate jurisdiction." Tex. Est. Code Ann. § 32.001(a) (emphasis added). We disagree with the Grandchildren.

The Texas Arbitration Act specifically excludes certain agreements from arbitration. Those are: collective bargaining agreements, small contract disputes except those agreed to in writing by the parties and their attorneys, personal injury claims except those agreed to in writing and on the advice of counsel, and any agreements made before January 1, 1966. Tex. Civ. Prac. & Rem. Code Ann. § 171.002. Probate matters are not included in this list. If the Legislature had wanted to exclude probate matters from arbitration, it could have included it in this section. It did not.

The Grandchildren argue that arbitration will oust the probate court of its ability to *hear* the probate proceeding as they contend the Estates Code requires. However, an arbitration agreement does not dismiss a case filed in the trial court; the proceeding is only stayed. *See id*. § 171. 021(c). Further, the trial court decides whether to confirm the arbitration award, enters an order, and enters a corresponding judgment conforming to the order. *Id*. §§ 171.087; 171.092. Thus, the trial court discharges its duty in *hearing* the case. *See Ali v. Smith*, 554 S.W.3d 755, 766 (Tex. App.—Houston [14th] 2018, no pet.) (Jamison, J., dissenting). Further, the determination of whether R.C. fully or only

___

doubts regarding whether "Trustee(s)" would include derivative trustees is resolved in favor of arbitrability. *See Ellis*, 337 S.W.3d at 862.

partially executed his power of appointment appears to be only a part of the entire probate proceeding. Thus, after the arbitration, the probate proceeding could foreseeably continue in the probate court regarding issues that are not disputed or subject to the arbitration provision in the Will during the normal course of probate.

## CONCLUSION

Because we have determined the arbitration agreement to be valid and enforceable and the dispute between the Children and Grandchildren is within the scope of the arbitration agreement, we find the trial court erred in denying the Children's motion to compel arbitration. We sustain the Children's sole issue on appeal. Accordingly, the trial court's Order Denying Motion to Compel Arbitration is reversed, and this case is remanded to the trial court with instructions to grant the Children's motion and first supplemental motion to compel arbitration.

The Court's stay, issued on March 14, 2023, is automatically lifted upon issuance of the Court's mandate.

STEVE SMITH
Justice

Before Chief Justice Johnson and
     Justice Smith[3]
Reversed and remanded
Opinion delivered and filed February 13, 2025
[CV06]



---

[3] This case was argued on February 28, 2024 before Chief Justice Johnson, Justice Smith and former Chief Justice Gray. The Honorable Tom Gray, former Chief Justice of the Tenth Court of Appeals, retired December 31, 2024. Accordingly, the case has been decided by the two remaining justices. *See* TEX. R. APP. P. 41.1(b).