**Affirmed and Majority and Dissenting Opinions filed July 10, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00003-CV

**SHAFQAT ALI A/K/A MICHAEL ALI, INDIVIDUALLY AND AS FIRST ALTERNATE INDEPENDENT EXECUTOR OF THE ESTATE OF AMJAD "A.J." SULTAN, DECEASED, Appellant**

**V.**

**DARLENE PAYNE SMITH, SUCCESSOR ADMINISTRATOR WITH WILL ANNEXED OF THE ESTATE OF AMJAD "A.J." SULTAN, DECEASED, Appellee**

**On Appeal from the Probate Court No. 3**
**Harris County, Texas**
**Trial Court Cause No. 448,030-402**

## D I S S E N T I N G   O P I N I O N

*Smith is a party to the arbitration provision.*

It is self-evident that neither Ali nor Smith physically signed Sultan's will at the time it was executed. However, it can hardly be said that they are strangers to the will. Their acceptance of appointments to serve as executors of the will (and all its

provisions) constitutes the assent required to form an enforceable agreement to arbitrate under the Texas Arbitration Act. *See Rachal v. Reitz*, 403 S.W.3d 840, 841 (Tex. 2013). Texas jurisprudence regarding non-signatories to an arbitration agreement, therefore, should not be applied to this dispute.[1] Because the majority has done so, I respectfully dissent.

In his fourth issue, which is dispositive, Ali argues that the trial court erred in denying his motion to compel arbitration because the arbitration provision is valid.[2] I agree. There is nothing in the record to suggest that the arbitration provision is unconscionable or was the result of undue influence, fraud, or duress. Smith argues only that she is not a party to the provision.

As noted by the majority, the arbitration provision in Sultan's will states:

> If a dispute arises between or among any of the beneficiaries of my estate, the beneficiaries of a trust created under my Will, the **Executor** of my estate, or the Trustee of a trust created hereunder, **or any combination thereof**, such dispute shall be resolved by submitting the dispute to binding arbitration. It is my desire that **all disputes between such parties** be resolved amicably and without the necessity of litigation.

(Emphasis added). As the majority mentions, Ali argues that Sultan intended for persons such as Smith and himself to be bound by the arbitration provision.

Both parties to this dispute are or have functioned as executors of Sultan's estate, although Smith's title, successor administrator with will annexed, is a bit

---

[1] There also is no need to analyze direct benefits estoppel.

[2] Under the Texas Arbitration Act, a party seeking to compel arbitration must establish the existence of a valid, enforceable arbitration agreement and that the claims asserted fall within the scope of that agreement. *TMI, Inc. v. Brooks*, 225 S.W.3d 783, 791 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). Here, neither party has argued that the claims asserted in Smith's petition against Ali are not within the scope of the arbitration provision. Smith claims that the provision is not valid because she is not a party to it.

2

different. *See* Tex. Est. Code § 306.002. The term "Executor" is not a defined term in Sultan's will, and certainly is not defined to exclude Smith. Further, article VI.F. of the will states, "[U]nless another meaning is clearly indicated or required by context or circumstances, the term 'Executor' . . . shall also mean and include . . . successors."

Smith concedes that "it would be much more likely" that she would have to arbitrate if she were a successor executor specifically named in the will, citing *In re Rubiola*, 334 S.W.3d 220, 224 (Tex. 2011). In *Rubiola*, a non-signatory moved to compel a signatory to arbitration. The non-signatory was held to be included in the definition of "party" in the arbitration agreement and, thus, permitted to compel arbitration. The non-signatory was not specifically named in the agreement. Here, it is disingenuous for Smith to maintain that, though she carries out all the responsibilities of an executor (albeit with court supervision), she is not an executor—or a successor to an executor—for the purpose of the arbitration provision. "Who is actually bound by an arbitration agreement is a function of the intent of the parties, as expressed in the terms of the agreement." *Bridas S.A.P.I.C. v. Gov't of Turkm.*, 345 F.3d. 347, 355 (5th Cir. 2003); *see also Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 382 (5th Cir. 2008) (holding that equitable estoppel need not be applied to determine whether party identified in the agreement should be compelled to arbitrate). The arbitration provision clearly tells us who the parties are. Smith is one.

Smith agreed to her appointment, which was to carry out Sultan's clearly expressed intent in his will, including the intention for disputes to be arbitrated. As Smith's counsel stated in oral argument, "[The administrator] does not get to re-write the will." Exactly.

***Sultan intended this dispute to be resolved pursuant to the arbitration provision.***

The cardinal rule of will construction is to ascertain the testator's intent and to enforce that intent to the extent allowed by law. *Knopf v. Gray*, 545 S.W.3d 542, 545 (Tex. 2018). The guiding principle for courts in will-construction disputes is to discern and give effect to the testator's intent as expressed in the will's four corners. *See Hysaw v. Dawkins*, 483 S.W.3d 1, 4 (Tex. 2016). Sultan clearly expressed his intent that disputes arising under the will between those acting as executors (which, reading the will as a whole, clearly includes predecessor executors and successor executors, despite their actual titles) be handled in arbitration proceedings. *Compare* Tex. Est. Code § 305.051 and § 305.052 (providing practically identical forms of oath for executor and administrator with will annexed).

We know from the text of his will that Sultan wanted "all disputes" to be "resolved amicably and without the necessity of litigation."

***Even as an administrator with will annexed, Smith must comply with Sultan's intent.***

Smith does not argue that Sultan did not express an intent to arbitrate this dispute, but argues that, as a successor administrator with will annexed, she does not have to follow any of the provisions of the will other than its distributive provisions, citing *Langley v. Harris*, 23 Tex. 564 (Tex. 1859). Smith argues that the trial court that appointed her is free to disregard the provisions in the will: "whether [I have] to follow any other provisions in the will is completely up to the probate court."

However, this is not the holding of *Langley,* in which the supreme court discussed the inability of an administrator with will annexed that succeeded an independent executor to act "independently." The court did not distinguish between distributive provisions of the will (which were the subject of that case) and other

4

provisions. It held that the "right to obey the will" including all its provisions, is derived from the court, to whom the administrator must account. In other words, Smith cannot act absent the court's appointment and approval for certain actions. *Langley* does not permit the trial court to disregard the testator's clearly expressed intent.

Smith also cites *Frisby v. Withers*, 61 Tex. 134 (Tex. 1884), for the proposition that her appointment as administrator with will annexed did not carry with it the right to exercise the "discretionary powers" conferred alone upon the executors named in the will. Notwithstanding its dicta, the *Frisby* court affirmed a transfer by deed by a successor administrator with will annexed that was not authorized by a court order, a power reserved for independent executors. There is nothing in the provision "such dispute *shall* be resolved by submitting the dispute to binding arbitration" that indicates it is discretionary (emphasis added).[3] Here, Sultan did not confer the responsibility to arbitrate disputes solely upon those carrying the title of executor, but compelled successors as well. Smith is not prevented from carrying out Sultan's intent in that regard.

Smith argues that if there is no named executor available—begging the question of why all the other family members named in Sultan's will were found by the trial court to be unsuitable—*all* the provisions in the will relating to independent executors and how they must administer the estate are effectively nullified, citing *In Re Grant's Estate,* 53 S.W.372 (Tex. 1899), and other cases. However, the *Grant* court was dealing with the conundrum created in the statute in effect at the time that did not give the trial court the authority to appoint an administrator when the named independent executors were unable to serve. That issue has been resolved in the

---

[3] The distinction between discretionary and mandatory powers is a false argument, as the courts have spoken only to the power to act, not the power to pick and choose what actions to take.

5

current Estates Code in sections 304.001 and 361.152, among other provisions.

The cases cited by Smith stand for the proposition that provisions in a will for independent administration of an estate by its executors will not permit a successor administrator with will annexed to perform her duties independently of the trial court's supervision. However, the cases do not stand for the proposition that the successor, with the approval of the trial court, may disregard the expressed intent of the testator.[4]

Smith is required to arbitrate her claims. To the extent it was convinced otherwise, the trial court abused its discretion.

***An arbitration proceeding does not deprive the probate court of its ability to supervise a dependent administration.***

Smith argues as a matter of public policy that the trial court would be deprived of its ability to supervise the administration of Sultan's estate if the arbitration provision were honored. *See* Tex. Est. Code § 351.352 ("[P]robate court shall use reasonable diligence to see that [Smith] perform[s] [her] duties."). However, the trial court retains its ability to consider a motion to compel arbitration and a motion to confirm the arbitration award, among others, therefore discharging its responsibility.

***Claims against Ali as predecessor executor are within the scope of the arbitration provision.***

Smith also argues that her initial claims, against Ali for a declaratory judgment, arise not from the will but from the Estates Code. *See* Tex. Est. Code § 351.153 (authorizing successor executor or administrator to sue predecessor).[5] The

---

[4] Likewise, the case cited by the majority makes the same holding. *See Loewenstein v. Watts*, 119 S.W.2d 176, 184–85 (Tex. App.—El Paso 1938) (op. on reh'g) (reversing holding in original opinion that administrators with will annexed might exercise powers of independent executors), *aff'd*, 134 Tex. 660, 137 S.W.2d 2 (1940).

[5] It is unclear whether Smith intended this argument to be analyzed only if direct benefits

6

will however, provides that

> Each Executor . . . shall have . . . all powers . . . conferred by statute or common law . . . except for any instance in which such power . . . may conflict with the express provisions of this Will, in which case the express provision of this Will shall control.

Smith invoked the will in her original petition. Whether or not Smith would have standing to sue Ali under the Estates Code without also invoking Sultan's will, and whether or not Ali would have liability as a fiduciary to the estate under the code without also invoking the will, the claim is nevertheless a "dispute arising" under the terms of the will.

I would sustain Ali's dispositive issue, reverse the trial court and remand with order to grant the motion to compel arbitration.


/s/     Martha Hill Jamison
        Justice


Panel consists of Justices Jamison, Wise, and Jewell (Wise, J., majority).

---

estoppel is applied.